NEW-YORK,
May, 817

MABH
v.
WIOKAM.

---

## MARSH *against* WICKHAM AND WICKHAM.

THIS was an action of *assumpsit*, tried before Mr. Justice *Yates*, at the *Ontario* circuit, in 1816.

The plaintiff declared on the following receipt :—" Received, *Troupville*, 13th January, 1813, from Mr. *Samuel T. Marsh*, the following leather, viz. sixteen sides upper leather," (the numbers and prices of which are set forth,) " twenty-four sides soal leather, three hundred forty-eight pounds and one half, which we agree to pay for at the following rate : one shilling deduction to be made on each side of upper leather from the price above, and two shillings per pound for the soal leather with the privilege of returning any quantity of the said leather, which may remain on hand when the settlement is made. *Wickham & Co.*"

| " Amount of upper leather | | | | | l24 | 2 |
|---|---|---|---|---|---|---|
| do   soal leather | | | | | 34 | 17 |
| | | | | | l58 | 19 |

Subject to a deduction of 1s. per side."

The defendants pleaded the general issue, and gave notice that they would give in evidence, on the trial, that the leather was left with them to be sold on account of the plaintiff, that they accounted for all that was sold, and paid the value thereof to the plaintiff, and that the residue was burnt with the store

The defendants having received a quantity of leather from the plaintiff, gave him a receipt in these words: " Received the following leather, viz. &c. which we agree to pay for at the following rate; one shilling deduction to be made on each side of upper leather, from the price above, and two shillings per pound f om the soal leather, with the privilege of returning any quantity of the said leather, which may remain on hand when a settlement is made:" it was held, that this was a sale to the defendants, and not a delivery to them to sell on commission, and that parol evidence was inadmissible to explain the transaction.

NEWYORK,
May 1817.

MARSH
*v.*
WICKHAM.

of the defendants, by the enemy, during the late war between *Great Britain* and the *United States*.

The execution of the receipt was proved, upon which there was the following endorsement, signed by the plaintiff: "Received, *Sodus*, 5th July, 1813, from *Wickham and Co.* sixteen dollars and fifty cents, being the amount, by computation, of upper leather sold on the within account. The value of soal leather to be paid as soon as the quantity sold can be ascertained, and if it should appear that any greater quantity of upper leather had been sold than mentioned above, the difference to be settled as soon as ascertained." The defendant offered to prove, that after giving the receipt, and before the endorsement thereon was made, the store of the defendants, with the leather, except what had been sold, was burnt by the enemies of the country, and that at the time of making the endorsement, the plaintiff agreed to accept payment of what had been actually sold of the leather, in discharge thereof. This evidence was objected to, and excluded by the judge, and the plaintiff having proved a demand of the leather, or of payment, the jury found a verdict for him, for the amount of the leather, deducting the sum mentioned in the endorsement on the receipt.

The defendants now moved for a new trial.

*Woodworth*, for the defendants, contended, that they were bailees of the property specified in the receipt, and were not answerable for more than they had sold, or only for the proceeds not paid over; and that evidence offered to show that the property had been destroyed by the public enemy, was admissible. The notice was sufficient for that purpose; and even if there had been no notice, the evidence was admissible under the general issue. The endorsement on the receipt explains the meaning of the parties, and shows that the leather was delivered to the defendants to sell for the plaintiff, on certain terms; and that it was not a purchase by them.* If there was any doubt arising on the face of the receipt, it must be removed by this endorsement.

*3 Johns. Rep. 170. Defonclear v. Shottenkirk.

*Yelverton*, contra, insisted that there was an absolute sale of the leather to the defendants, subject to a certain deduction from the price, and with the privilege of returning what might remain in the hands of the defendants, when the parties came

to a settlement of the account.* The particular mode of pay- NEW-YORK, May, 1817.
ing the vendor cannot change the nature of the contract. Again:
The endorsement of the receipt is evidence only that the plain- MARSH v. WICKHAM.
tiff was willing to give a reasonable time for the payment, or the
return of the leather. The rules of evidence are as strictly ap- * Shepherd Touchst 224. Noy's Maxims, 88 7 East Rep.
plicable in the case of a notice, as in that of a special plea ; and
the evidence offered was not admissible.† The notice sets forth 572 2 Comyn on Contr 210. 212. 2 Bl Com.
no agreement on the part of the plaintiff to accept payment for 448. † 8 Johns. Rep.
what had been actually sold of the leather, in discharge of the 455. 10 Johns. Rep. 140.
contract.

*Per Curiam.* The point in this case is, whether the leather
in question was delivered to the defendants to sell for the plain-
tiff upon commissions, or whether it was an absolute purchase;
and this must be collected from the receipt which was given at
the time when the leather was received. This receipt is some-
what obscurely drawn; but the several stipulations and provi-
sions in it are much more reconcilable with the construction,
that the leather was purchased, than that it was received by the
defendants to sell on commission. The rate at which the defend-
ants were to pay, or the deduction which was to be made from
the price fixed to the leather, is inconsistent with the construc-
tion, that it was a mere delivery to sell on commissions. This
could not be the rate of commissions, for the deduction was to
be one shilling on each *side* of the upper leather, and two
shillings on each *pound* of the soal leather. The privilege
which the defendants had of returning what remained unsold
of the leather, was a stipulation for the benefit of the defendants
in their payment for the leather. If it was a delivery to sell on
commissions, there would have been some provision as to com-
pensation or rate of commissions. But there is none, for it ap-
pears clearly, that the deduction mentioned in the receipt, could
not have been intended as such. By the receipt, the defend-
ants also stipulate to *pay for the leather* at a certain rate ; this is
not consistent with the notion of its being a bailment. A cer-
tain deduction was to be made in the *price*, which must be un-
derstood to be the price of purchase. It must therefore be consi-
dered a sale, with the privilege to the defendants of returning
what remained unsold. The reason of the particularity in
the designation or description of the leather, might have been
occasioned by the privilege to return what remained unsold, so

as to prevent imposition. The parol testimony was inadmissible. If there is any ambiguity, it is *latent* and not explainable. If it was a purchase, the destruction by fire was the loss of the defendants alone. The motion for new trial must, therefore, be denied.

New trial refused.