# MERRIMACK,

## DECEMBER TERM, A. D. 1841.

---

### PORTER & a. *vs.* PETTENGILL.

The plaintiffs delivered to R. a cooking-stove and furniture, and took his receipt, reciting that he was to pay a certain sum per month, or return the stove, &c., if he did not make the payments. He made one payment, and the plaintiffs made an entry in their books, charging him with the stove, and crediting him with the payment. R. failed to pay any thing more, and the plaintiffs agreed to take the stove back, after which it was attached by the defendant, on a writ against R.— *Held*, that the property did not pass to R. by the contract, but remained in the plaintiffs until payment should be made; and that R. was a competent witness, in a suit by the plaintiffs, to recover the value.

TROVER, for a cooking-stove and furniture.

The plaintiffs, in support of the action, offered in evidence a receipt, dated March 12, 1838, signed by Leonard Russell, of which the following is a copy—"Received of Porter & Rolfe one cooking-stove and furniture, at twenty-eight dollars, for which I am to pay $3 per month, or return the same if I do not comply as above."

The plaintiffs then offered Russell as a witness, to whose admission the defendant objected, on the ground of interest; but he was admitted. He testified that at the time he took the stove he paid the plaintiffs three dollars in discharge of the first payment; that in two or three months afterwards he was called on by Rolfe for a further payment, which he was unable to discharge—that in a short time afterwards Rolfe called again for the same purpose, when the witness told him he could not pay, and wished them to take the stove back again; upon which Rolfe told him he would consult his partner, and afterwards said they had concluded to take the stove back, to which the witness agreed—that

he soon after removed from the house where he had before lived, leaving a part of his furniture, and the stove in question, in the house; a few days after which, the defendant, as a deputy sheriff, attached it as his property, whereby he was prevented from returning it. At the time of the attachment, Russell told the defendant that the stove did not belong to him, but was the property of the plaintiffs.

It further appeared, that under the date of March 12, 1838, the plaintiffs had made a charge of the stove and furniture, on their day book, to Russell, and credited him with the sum of three dollars.

Upon the foregoing evidence the court instructed the jury, that the receipt was the proper evidence of the contract—that by the terms of the receipt the stove was not to be the absolute property of Russell until he had paid the whole sum— that if Russell were believed, he and the plaintiffs did agree that the stove should be taken back, whereby the contract, whatever it might be, was rescinded, and that the stove became the property of the plaintiffs.

The jury returned a verdict for the plaintiffs, and the defendant moved for a new trial, on account of the admission of the witness, and for a misdirection.

*Eaton,* for the defendant, cited 10 *Pick. R.* 298, *Makepeace* vs. *Harvard College;* 14 *Johns. R.* 167, *Marsh* vs. *Wickham;* 2 *East* 117, *Neate* vs. *Ball;* 5 *Greenl. R.* 277, *Quincy* vs. *Tilton;* 3 *Pick. R.* 38, *Chapman* vs. *Searle; Chitty on Con.* 575; 4 *Mass. R.* 653, *Emerton* vs. *Andrews.*

*Perley,* for the plaintiffs, cited 5 *D. & E.* 211, *Salte* vs. *Field;* 5 *N. H. Rep.* 570, *Ricker* vs. *Cross;* 7 *Pick. R.* 56, *Shumway* vs. *Rutter.*

PARKER, C. J. The first question arising in this case is settled, in effect, by the case, *Sargent* vs. *Gile,* 8 *N. H. Rep.* 325. The cases there cited, where it was held that if one

receive goods of another on a contract by which he has a right to return them or pay a stipulated price, the property will pass if well founded, are distinguishable from cases of this character, and do not apply. Where the transaction is in reality a sale of the article, with a stipulation that the vendee shall have an election to rescind the contract, at the expiration of a certain time, by a return of the article sold, or to pay the stipulated price, the property may perhaps well be held to pass; for in such case the terms of the contract import a sale, and the party who receives the goods holds them in his absolute disposal, and may transfer them whenever he pleases.

The instrument in evidence, in *Marsh* vs. *Wickham*, 14 *Johns.* 167, cited for the defendant, was—" Received the following leather, &c., which we agree to pay for at the following rate, &c.—with the privilege of returning any quantity of the said leather which may remain on hand when a settlement is made." And it was held that this showed a sale, and not a delivery to sell on commission, and that parol evidence was inadmissible to show the latter. The court said " the privilege which the defendants had of returning what remained unsold of the leather, was a stipulation for the benefit of the defendants in their payment for the leather."

But in the case now before us it was not the intention of the parties to make a sale, or give to Russell any such right to dispose of the goods. The plaintiffs, as it appears from the receipt, did not intend to part with the property until they had received their pay.

Russell signs an agreement, by which he acknowledges the receipt of the stove—the value is fixed, and he is to pay so much per month, or return it. If he failed to pay, it became his duty to return the property, and there are no words of transfer, or any thing to indicate that the parties intended any thing more than a bailment until the price was paid. It was in effect an agreement that he might have the property on paying for it, and the use of it in the mean time, if he should pay the instalments. This is not controlled or con-

Porter *v.* Pettengill.

tradicted by the entry in the plaintiffs' books, which may have been well intended as a memorandum by which the plaintiffs could ascertain when Russell had complied with his contract.

It was competent for the parties to that bargain to make a contract of that character, by which the property should not pass until it should be paid for. 8 *N. H. Rep.* 325 ; 4 *Mass. R.* 405, *Hussey* vs. *Thornton ;* 17 *Mass. R.* 606, *Marston* vs. *Baldwin.* The latter is a very strong case for the plaintiffs.

The position of the defendant that here was a sale, and a re-sale requiring a re-delivery of the property in order to perfect it, is not, therefore, sustained. Without the agreement which was afterwards made, and by which the contemplated purchase was ended, the plaintiffs maintain a title to the property at the time it was taken by the defendant, and the instruction to the jury was substantially correct.

In this view of the case there seems to be no objection to the admission of the witness. If he were not interested against the party calling him, his interest was balanced.

*Judgment for the plaintiffs.*