SUPREME COURT.

HENRY Z. PERSON agt. WILLIAM H. CIVER.

Where it is averred in a *complaint* that the plaintiff owned the property in question, and loaned it to the defendant, and that it had been demanded of him and he had refused to deliver it, and converted it to his own use, these allegations are sufficient to constitute the action one of *tort*, notwithstanding the *agreement* under which the defendant received possession of the property is stated in the complaint.

Where the defendant received property from the plaintiff under an agreement to return it at a certain time or pay to plaintiff a certain sum for its value, and subsequent to the time limited for its return the defendant paid to plaintiff a part of the stipulated value and gave his due bills for the balance, and on the defendant's refusal to return the property on demand of the plaintiff subsequently made :

*Held*, in an action by the plaintiff for the conversion of the property, that the defendant could not be *arrested* and held to bail. The plaintiff by receiving a part payment and the due bills for the property, had waived his right to insist upon its return by the condition of the agreement, and treated the transaction as a *sale*, and the amount due as a *debt*.

*Erie Special Term, November,* 1864.

MOTION by defendant to set aside complaint and to be discharged from arrest, &c.

P. G. PARKER, *for plaintiff.*

W. B. MACMASTERS, *for defendant.*

DANIELS, J. The defendant moves to set aside the complaint and the order of arrest in this cause. The summons contains a notice that in case of failure to answer, the plaintiff will apply to the court for relief; and it is insisted the complaint is for the recovery of money only upon contract. But while an agreement is stated in it, the essential

elements of the case stated are in tort. It is averred that the plaintiff owned the property in question and loaned it to the defendant; that it had been demanded of him and he had refused to deliver it, and converted it to his own use. These allegations are sufficient to constitute the action one of tort, notwithstanding the statement of the agreement under which the defendant received possession of the property (*Ridder* agt. *Whitlock*, 12 *How.* 208). It follows therefore, that the complaint is in conformity with the summons, and so much of the motion as seeks to set it aside must be denied.

But as to the residue of the motion, the statement of the contract in the complaint under which the defendant acquired possession of the property, becomes more material. The same statement is repeated in substance in the plaintiff's affidavit used to oppose the motion. The clause now referred to in the affidavit, is in these words : " That afterwards, and in the fall of the year 1854, said defendant applied to deponent for the loan of said engineer's transit until the following spring, promising to return the same then to deponent, or to pay him the value therefor in money ; that deponent loaned the said transit to defendant to use upon said terms." The complaint states that the defendant promised to return the property or pay the sum of one hundred and twenty-five dollars as its value. The property was not returned, but in August, 1857, the defendant paid the plaintiff fifty dollars towards its price, and in October, 1863, made and delivered to the plaintiff his due bills for balance of eighty-one dollars. Although the allegation in the complaint and the statement in the affidavit describe this as a loan, it is very plain that such was not the legal character of the transaction. It was more than a mere loan, for the contract contemplated that the defendant should become the owner of the property, if he elected to keep it and pay the price which was agreed upon. The election was with him, and it may be fairly inferred that he availed himself

of it when the period arrived for making it, because he did not then return or offer to return the property. And such must have been the understanding of the plaintiff, for he seems to have made no effort to repossess himself of it, but on the other hand accepted a part of the purchase price, as though a sale had in fact been made. STRONG, Justice, in *Westcott* agt. *Thompson* (18 *N. Y. R.* 365), assumes that a transaction of this nature constitutes a sale of the property. And the same doctrine is substantially maintained in *Marsh* agt. *Wickham*, 14 *John.*, 167; *Moss* agt. *Sweet*, 3 *Eng. Law and Eq.*, 311, *and note on page* 313; 4 *Exchequer Rep.*, 339. The plaintiff undoubtedly had a right to insist upon payment of the price at the time when the defendant by the terms of the agreement was entitled to make his election, and had he done so could have maintained an action for the recovery of the possession of the property, or for its value, if payment had not been made, and the property against his consent had been withheld from him. As he did not avail himself of that right, but afterwards treated his demand against the defendant as a debt, receiving part payment of it in 1857, and due bills for the residue in 1863, the condition arising out of the contract that payment should be made when the election under it was excercised, was waived (*Furniss* agt. *Hone*, 8 *Wend.* 247), and the plaintiff cannot now hold the defendant to bail.

The motion, so far as it includes an application for a discharge of the defendant from arrest must be granted, but without costs, because the defendant in his papers asked for more than he was entitled to claim.