THE COMMERCIAL NATIONAL BANK OF PENNSYLVANIA, Respondent, v. ISAAC HEILBRONNER, Appellant.

The consignor of goods to be sold on commission does not part with his title by the consignment; he continues to be the true owner until the goods are sold by the consignee, and the rule is the same whether the consignee is a *del credere* factor, or is under advances for the principal or is simply an agent for sale.

As a general rule a factor cannot bind his principal by a disposition of his property out of the ordinary course of business, nor can he dispose of the goods in violation of the order of his principal, even to repay advances, at least, until he has called upon his principal for reimbursement.

In the absence of special circumstances, or of special authority, a factor, although he has advanced generally on the goods in his hands and has guaranteed the sales made by him, cannot sell a debt existing in open account and not yet due, arising on a sale of the consigned property so as to transfer a good title to the claim, when the principal is not in default and has not been called upon to repay the advances.

*Commercial Nat. Bk.* v. *Heilbronner* (20 J. & S., 388), reversed.

(Argued January 26, 1888; decided February 28, 1888.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made December 7, 1885, which affirmed a judgment in favor of plaintiff entered upon a verdict directed by the court. (Reported below, 20 J. & S. 388.)

This action was brought on an account for goods sold by Vanuxem, Wharton & Co., commission merchants, to defendant, which goods had been consigned to that firm by one Taft. Plaintiff claimed to own under an assignment from said firm.

Before the commencement of this action Taft, the consignor and owner of the goods, had served on the defendant a written notice that he had revoked the authority of Vanuxem, Wharton & Co., to act in his behalf, and that they had been fully paid all advances, commissions and expenses, and had no interest in the goods sold to the defendant or the proceeds, and required the defendant to pay to him the money due on the sale. Taft had also brought an action against Vanuxem, Wharton & Co., joining the plaintiff and the defendant here with them as defendants in that action for an accounting by

Vanuxem, Wharton & Co., alleging in his complaint that they had been fully paid their advances and commissions, and further alleging the sale by the consignees of a portion of the consigned goods to Heilbronner, a pretended assignment of the debt owing by him therefor to the bank, the plaintiff in this action, and, in addition to a prayer for an accounting, he prayed that he should be adjudged to be entitled to recover the money due from the defendant Heilbronner, and for an injunction against the bank restraining it from collecting the same. The Taft action was pending when the present action was commenced, and Heilbronner in his answer therein admitted the debt and avowed his readiness to pay the same to the true owner. Heilbronner subsequently made a motion in the Taft action for a stay of proceedings in this action until the determination of that action, which motion, for some reason not disclosed, was denied. The defendant was not in a situation to bring a proceeding for an interpleader, for the reason that he set up in the present action a counter-claim as to which upon the state of the pleadings he was put to his proof, but which was admitted and allowed on the trial.

The defendant in his answer in this action put in issue the ownership by the plaintiff, the Commercial National Bank of Pennsylvania, of the claim against him arising on his purchase from Vanuxem, Wharton & Co., the consignees of Taft, of a portion of the consigned goods, and this was the only issue tried. Upon this issue the counter-claim having been admitted, the trial court directed a verdict for the plaintiff. The alleged title of the plaintiff to the claim is derived through a written transfer from Vanuxem, Wharton & Co., to the bank of the claim against Heilbronner resting in open account, made on or about the 28th of May, 1884. The firm of Vanuxem, Wharton & Co., failed on June 2, 1884. It is claimed that the bank paid for the assignment the full amount of the claim in cash. How the proceeds were applied by Vanuxem, Wharton & Co. does not appear. When the assignment was made the terms of credit on which the goods were sold had not expired. It appeared that by the arrangement between

Vanuxem, Wharton & Co., and Taft, under which Taft made consignments to the firm. the firm were to make advances, and that advances were made, but to what amount is left uncertain, nor does it appear how the account stood between the firm and Taft when the assignment of the claim against Heilbronner was made to the bank. It does not appear that Taft had been called upon to repay advances, or that there was any default on his part. By the agreement between him and Vanuxem, Wharton & Co., that firm was to guarantee sales.

*Jacob Fromme,* for appellant. The plaintiff's assignors, having been mere factors, could not have given, on the one hand, and the bank had no power, on the other, to acquire title to the claim sued upon. (*Merrill* v. *Thomas,* 7 Daly, 393 ; Edw. on Bailment, 281 ; *Moore* v. *Hilderbrand,* 37 Hun, 491 ; *Baker* v. *New York Nat. Ex. Bk.,* 100 N. Y. 31, 33.) The fact that they made advances, and were also acting under a *del credere* commission, does not alter their relation to the goods sold, or the claim for the price. The title still remains in the consignors. (*Converseville Co.* v. *Chambersbury Co.,* 14 Hun, 610 ; *Moore* v. *Hilderbrand,* 37 id. 491 ; *Hilton* v. *Vanderbilt,* 82 N. Y. 591 ; *Baker* v. *New York Nat. Ex. Bk.,* 100 id. 33 ; Edw. on Bailment, 281.) The defendant having been apprised of the character in which the firm of Vanuxem, Wharton & Co. sold the goods, would not be justified, nor could be compelled, to pay to them the price of the goods. (*Drinkwater* v. *Goodwin,* Cowp. 251, 255 ; Russell on Factors, 72, 98 ; Edw. on Bailment, 281 ; *Sargent* v. *Morris,* 3 Barn. & Ald. 277.) The principal may come forward at any time before payment to the factor and assert his rights. (*Beach* v. *Forsyth,* 14 Barb. 499, 503.) The fact that the assignors of the plaintiff might have maintained an action before the notice was served, in their own name for the price of goods, does not give them power to transfer this right to plaintiff. (*Grinnell* v. *Schmidt,* 2 Sandf. 706 ; Edw. on Bailment, 283 ; Russell on Factors,

157, 246 ; Smith's Merc. Law, 117 ; *German Bank* v. *Edwards,* 53 N. Y. 541, 544 ; Story on Agency, 34*a ;* *Walther* v. *Wetmore,* 1 E. D. Smith, 724 ; Edwards on Factors, 96, 97.) Buying claims was not within plaintiff's power, and it was by fair implication prohibited from so doing. (*First Nat. B'k* v. *Nat. Ex. B'k,* 92 U. S. 122, 128 ; *Thomas* v. *R. R. Co.,* 101 id. 71, 82 ; *Seneca Co. B'k* v. *Lamb,* 26 Barb. 595 ; *Excelsior Grain Binding Co.* v. *Staynor,* 61 How. Pr. 460.) If the plaintiff's assignors really did make advances on the goods sold to defendant or were entitled to commissions, the most that can be said is that while the goods remained in their possession they had a special, not a general property in them to the extent of the advances, and a lien for that and their commissions upon them. (*Heard* v. *Brewer,* 4 Daly, 136, 143.) Subject only to these special rights of the factor, the principal may in all cases assert his own general rights over every contract of purchase and sale made in his behalf in the course of the agency. (Story on Agency, § 410 ; *Beach* v. *Forsyth,* 14 Barb. 499, 503 ; Russell on Factors, 246 ; *Baker* v. *New York Nat. Ex. B'k,* 100 N. Y. 33 ; *Salters* v. *Everett,* 20 Wend. 267 ; Edwards on Factors, 97 ; *Warner* v. *Martin,* 11 How. [U. S.] 209, 224.) The plaintiff was not the real party in interest. (Code Civ. Pro., § 449 ; *Urquhart* v. *McIver,* 4 Johns., 103, 112 ; *Bonito* v. *Mosquera,* 2 Bosw. 401, 427 ; Edwards on Factors, § 36 ; *Howland* v. *Woodruff,* 60 N. Y. 82 ; *First Nat. B'k of Toledo* v. *Shaw,* 61 id. 30.) The only remedy a factor would have, if he desired to collect the value of his interest in the claim would be to foreclose his lien, to accomplish which a regular mode of procedure exists. (*Marfield* v. *Goodhue,* 3 Comst. 73 ; *Grinnell* v. *Schmidt,* 2 Sandf. 708 ; Edwards on Factors, 96, 97 ; Story on Agency, 342 ; *Walther* v. *Wetmore,* 1 E. D. Smith, 24.) The bank, by the assignment, was only invested, if it could take at all, with such rights as the assignors as factors possessed and which were capable of transfer. It took subject to all equities. (*Sherwood* v. *Stone,* 14 N. Y. 267, 270 ; *Warner* v. *Martin,* 11 How. [U. S.] 209, 224.)

*Theron G. Strong* for respôndent.   If the bank violated the law creating it in purchasing, it exposed itself to proceedings by the comptroller of the currency for a forfeiture of its charter, but to no other consequence.    (*Gold Mining Co.* v. *Rocky Mt. Bank*, 96 U. S. 640 ; *Dunscomb* v. *N. Y. H. & N. R. R. Co.*, 84 N. Y. 190, 205.)   Vanuxem, Wharton & Co. were factors under a *del credere* commission, and had advanced to Taft, their consignor, sixty to seventy-five per cent of the value of the goods, and, as factors, they could maintain an action for the price of the same as trustees of an express trust. (Code, § 449 ; *Ladd* v. *Arkell*, 37 Sup. Ct. Rep. 35 ; *Considerant* v. *Brisbane*, 22 N. Y. 389 ; *Swift* v. *Pac. Mail S. S. Co.*, 106 id. 206.)   The claim of Vanuxem, Wharton & Co. was assignable, and the bank by the assignment took all their rights, including their right to sue.    (Code, §§ 449, 1910.) The pendency of the action by Taft constitutes no defense.. (*Dawley* v. *Brown*, 79 N. Y., 398.)

ANDREWS, J.   As factors, Vanuxem, Wharton & Co. had no title to the consigned goods.   The consignor, upon a consignment of goods to be sold on commission, does not part with his title by the consignment, but he continues to be the true owner of the consigned property until sold by the consignee, and the rule is the same whether the consignee is a *del credere* factor, or is under advances for the principal, or is simply an agent for sale, assuming no responsibility except that usually appertaining to the position of an agent.   (*Baker* v. *N. Y. Nat. Ex. Bank*, 100 N. Y. 31 ; MELLISH L. J., *Ex parte White*, 6 L. R. Ch. App. 403.)   But a factor under advances for his principal, or who guarantees the sale, has a lien on the goods and their proceeds for his advances, and an interest in the debts arising upon sales, to protect his guaranty. He is entitled to retain possession of the goods and their proceeds, to protect his lien and to collect and sue the debts in his own name, rights of which the principal cannot deprive him except by reimbursing the advances, or in case of a *del credere* factor, by relieving him from his guaranty.   (*Hudson*

v. *Granger*, 5 Barn. & Ald. 27; Story on Agency, §§ 398, 407, 408, 424.) But such factors are nevertheless agents and cannot deal with the property or proceeds as their own. They cannot pledge the goods for their own debt (*Buckley* v. *Packard*, 20 Johns. 421), and an unauthorized pledge by a factor did not, at common law, transfer any right as against the principal, even to the extent of his lien. (*McCombie* v. *Davies*, 7 East. 5; *Graham* v. *Dyster*, 6 M. & S. 1; Leake on Contracts, 515.) A factor, although under advances to his principal, is bound nevertheless to obey the principal's instructions, and cannot dispose of the goods in violation thereof, even to repay advances, until at least he has called upon the principal for reimbursement. (*Marfield* v. *Goodhue*, 3 N. Y. 62; *Hilton* v. *Vanderbilt*, 82 id. 591.)

The precise question in the present case is whether a factor, having advanced generally on the goods in his hands, can, in the absence of special authority, sell, out and out, a debt existing in open account, arising on a sale of a portion of the consigned goods, so as to transfer a good title to the claim, and this too before the maturity of the debt, and when the principal is not in default and has not been called upon to repay the advances and there are no special circumstances. The question depends, we think, upon the general doctrine of agency. The agent is invested with such authority as his commission confers, and as to third persons, such as he is held out as possessing, and in construing his authority the custom or usage of the business is frequently a material consideration. The transaction between Vanuxem, Wharton & Co. and the bank was not a sale of goods or a collection of a debt. By the general rule a factor cannot bind the principal by a disposition of his property out of the ordinary course of business. (*Easton* v. *Clark*, 35 N. Y. 225.) We have been referred to no authority holding that a factor possesses the authority exercised by Vanuxem, Wharton & Co. in this case. Such a construction of his power would be inconvenient and might lead to great abuses. It would enable the factor to put his principal's property out of his hands before any default on

the part of the principal, thereby depriving the latter of the right to the possession of his property on discharging the factor's claims. Assuming that the transferee would himself be held to account, it subjects the principal to the embarrassment of calling third parties into the settlement of his transactions with his agent. The transaction in this case was out of the ordinary course of business, and has all the ear marks of an irregular proceeding. It was not an assignment to the bank of the factor's lien, accompanied with a delivery of the property of the principal to keep possession for the factor in order to preserve the lien. (*Urquhart* v. *McIver*, 4 Johns. 103.) We think a factor's authority does not justify a transaction of this character, and that the bank acquired no title to the claim.

This conclusion leads to a reversal of the judgment.

All concur.

Judgment reversed.