FREDERICK W. CAMERON, as Assignee, etc., of PATTON & CO., and the Individual Members Thereof, Plaintiff, *v.* JOHN W. CROUSE and AMOS C. HALL, as Permanent Receivers of THE TRENTON FALLS LUMBER COMPANY, Defendants.

*Sales under a* del credere *commission — title to the thing sold — lien of the consignee for unpaid advances.*

When a lumber manufacturing company consigns lumber to a firm to be sold under a *del credere* commission, and the consignees make advances thereon from time to time by their notes, but fail to apply the money received for the lumber in payment of said notes, and subsequently become insolvent, leaving outstanding notes to a large amount, indorsed by said lumber company, in the hands of *bona fide* holders, the consignees as makers of the notes are, as between the parties thereto, liable thereon as sureties, but as between them and the *bona fide* holders of the notes they are liable as makers.

Where a quantity of the lumber consigned remains unsold at the time the consignees make an assignment for the benefit of creditors, the title to that lumber remains in the consignor subject to the lien of the consignees for advances made.

SUBMISSION of a controversy upon an agreed statement of facts pursuant to section 1279 of the Code of Civil Procedure.

The questions presented are : Does lumber now in the possession of the plaintiff, of the value of $13,174.64, or its proceeds, belong (1) to the defendants, the receivers of the consignor, a corporation winding up under section 2419 *et seq.* of the Code of Civil Procedure ; or (2) to the plaintiff, the assignee for creditors of the consignees, an insolvent partnership ; what interest in the lumber or lien upon it has either party ?

The consignor, the Trenton Falls Lumber Company, was a manufacturer of lumber in Herkimer county, and Patton & Co., the consignees, were lumber commission merchants at Albany.

Patton & Co. made a general assignment for the benefit of creditors to the plaintiff, January 15, 1896. Proceedings for the voluntary dissolution of the lumber company were taken January 21, 1896, and the defendants were duly appointed its temporary receivers the same day, and in May following they were duly appointed permanent receivers of the corporation.

Since 1892 the company had from time to time shipped and consigned lumber to Patton & Co. to be sold on a *del credere* commission, and the lumber in question was what remained unsold when Patton & Co. assigned. Patton & Co. sold large quantities of the company's lumber so consigned, and had received all the pay therefor, except about $350, but how much they received is not stated. Patton & Co. advanced to the company from time to time their notes, which the lumber company indorsed and had discounted, but the total amount of the notes is not stated. Of those notes the amount of $35,500 has not been paid by the makers, but is outstanding, past due, in the hands of *bona fide* holders, and the lumber company as indorser is liable on them all. Patton & Co. did not apply the money received for the lumber in payment of any of said notes yet outstanding, but kept it and used it for other purposes.

Immediately upon their qualification as temporary receivers, the defendants demanded the lumber in question from Patton's assignee, the plaintiff, who had possession of the same, and he, without qualification or condition, refused to give it up. The assigned estate of Patton & Co. is insolvent, and will pay on said notes no more than fifty per cent. If the company, or its receivers, recover the $13,174.84, that is, the lumber on hand, and apply it on the notes, together with all Patton & Co.'s estate will pay, the receivers will then have to use an additional sum of over $4,000 to take up the notes.

*Isaac Lawson*, for the plaintiff.

*S. M. Lindsley*, for the defendants.

LANDON, J.:

Whether in the aggregate the total lumber consigned and actually sold was more or less than the total advances we are not informed by the submitted case. We proceed, however, upon

the theory that there is a balance due the consignees for advances, or what is the same thing, for the purposes of this discussion, that for their liability upon their notes advanced to the consignors, the consignors still owe them indemnity. The advances consisted of the notes of the consignees, in respect to which, as between consignor and consignee, the consigned lumber or its proceeds was the primary fund for their payment. (*Hidden* v. *Waldo*, 55 N. Y. 294.) If that fund should prove insufficient the consignors should make good the deficiency, since they would have received greater advances than they have furnished indemnity for. (Id.) Patton & Co., the consignees, as makers of the notes, are, as between these parties, liable thereon as sureties, but as between them and the *bona fide* holders of the notes, they are liable as makers. (Id.)

The title to the lumber was in the consignors, subject to the lien of the consignees for advances (*Commercial National Bank of Penn.* v. *Heilbronner*, 108 N. Y. 439; *Baker* v. *New York Nat'l Exchange Bank*, 100 id. 31; *Moore* v. *Hillabrand*, 37 Hun, 491), and the defendants, receivers of the consignors, succeeded to their title thus burdened with the lien. (Code Civ. Proc. §§ 2423, 1788.)

The plaintiff, the assignee of the consignees, succeeded to that lien and can enforce it. (*Francklyn* v. *Sprague*, 10 Hun, 589.) He is not, however, the factor or agent of the consignors since the consignees could not, by their general assignment, delegate their agency. (2 Kent's Com. 643.) The balance of the account, upon the whole transactions, will show to what extent Patton & Co., the consignees, had a lien. (*Enoch* v. *Wehrkamp*, 3 Bosw. 398; Edwards on Bailments, § 368.)

We answer the questions submitted to us by saying that the defendant receivers and not the plaintiff are the owners of the lumber, but that the plaintiff has a lien thereon to the extent of the unpaid advances made upon all of the consigned lumber; that the defendants are not entitled to take possession of such lumber until they discharge such advances, which they may do by paying upon the outstanding notes the amount thereof within sixty days, and then they may have possession of the lumber. Whether such payment should be made upon the notes *pro rata* or preferably, or otherwise, may be determined in the due course of the receiver's administration.

If such payment be not so made or the advances satisfied within sixty days, the plaintiff, who meantime may retain possession of the lumber, may foreclose his lien thereon. If an accounting shows the advances satisfied, then the defendants, the receivers, may immediately take possession of the lumber. Costs of both parties to be paid out of the fund.

It is probable that the parties will need to file an additional statement of facts before perfecting judgment, and leave to do so is granted.

All concurred.

Judgment upon submission that title to the lumber is in the defendants, subject to the lien of the plaintiff for unpaid balance of advances upon all the lumber consigned. Order to be settled by Landon, J.