(36 Misc. Rep. 381.)

### KEYSTONE WATCH CASE CO. v. ROMERO.

(City Court of New York, Special Term. November, 1901.)

1. ACTION AGAINST AGENT—DEFENSES.
    In an action for breach of a provision in a contract to return samples furnished, where the contract shows that the relation is that of principal and agent, a defense that the samples were stolen from the agent in the nighttime, without his negligence, and that no part of them had been recovered by the agent, is not demurrable.

2. SAME—PLEADING.
    It was not necessary that the agent should also allege that he had used due diligence in attempting to recover the samples from the thief.

Action by the Keystone Watch Case Company against Bolivar S. Romero. Demurrer to the defense set forth in the fourth paragraph of defendant's answer overruled.

Leslie W. Palmer, for demurrer.

Stephen Brooke Rosenthal, opposed.

O'DWYER, J. Demurrer to the separate and distinct defense set forth in the fourth paragraph of defendant's answer on the ground that it is insufficient in law upon the face thereof. The action arises for breach of contract, in that the defendant has not returned certain samples delivered to him by the plaintiff. The contract shows that it is one of agency, the defendant being employed on commission to solicit orders in Cuba for the plaintiff. The samples, which have not been returned, were not intrusted to the defendant for sale, but for use in endeavoring to get orders for similar goods, which were to be shipped to the customers by

the plaintiff. On the termination of the contract, and not before that time, the samples were to be at once returned or paid for at the catalogue price, less 20 per cent. and 5 per cent., at the option of the defendant. No words indicating that the defendant was an insurer appear in the pleadings, and the contract provides that the only time defendant could in any way acquire title to the samples was upon the termination of the contract. In his separate defense, to which the demurrer has been entered, the defendant sets up that the samples delivered by plaintiff to defendant were to be exhibited in order to obtain purchasers, were taken to Havana, Cuba, to his place of business, and that while there, on or about the 9th day of November, 1899, and before any demand by the plaintiff for the return of the said goods, and before the termination of the contract, his place of business was entered by thieves in the nighttime, and, without any fault or negligence on the part of the defendant, all the samples were stolen, and, further, that before the plaintiff was entitled to the return of said goods no part of the aforesaid stolen goods had been recovered by the defendant. It is an elementary principle that the possession of property as agent for another is presumptive evidence that the title to the property remains in the principal. Barton v. People, 10 L. R. A. 302, 306; Bank v. Heilbronner, 108 N. Y. 439, 15 N. E. 701; Baker v. Bank, 100 N. Y. 31, 2 N. E. 452, 53 Am. Rep. 150; De Forest v. Insurance Co., 1 N. Y. Super. Ct. 94. That the contract was one of principal and agent is plainly brought out by the following circumstances: The contract starts out with the statement that the defendant is about to establish himself at Havana, Cuba, as a representative of American manufacturers, and takes with him samples of the plaintiff. The defendant was a commission agent, as appears from the fourth numbered paragraph of the contract allowing him a 5 per cent. commission on all orders shipped by the plaintiff. Further, the defendant was bound by the second numbered paragraph to send written reports to the plaintiff, as is the custom between principal and commission agent. In other words, the fact that the defendant took the goods as agent, standing alone, would show that presumptively title remained in the plaintiff, and, connected with the further surrounding circumstances, shows that the contract is based on the idea of a bailment. The goods delivered were samples, not to be sold by the defendant for his own account, but to be returned to the plaintiff. The absence of the power to sell the samples for his own account is a vital circumstance, showing that they were merely bailed to him. Costello v. Herbst, 18 Misc. Rep. 178, 41 N. Y. Supp. 574. That the goods were delivered as samples, which were merely to be used as such, and which defendant could not sell for his own account or even for that of the plaintiff, appears clearly throughout the contract and in the pleadings, where the goods are always referred to as "samples," in the commercial sense of the word. It is to be observed that the first care of the parties was that all of the samples were to be returned, not only those first delivered, but any delivered in the future, excluding, therefore, by inference, the idea that the defendant might have sold part or all

on his own account. The answer designates the goods as samples, which the defendant was to exhibit in order to obtain purchasers for similar goods. If sold they could not be exhibited. The first numbered paragraph of the contract provides that the defendant shall solicit orders throughout the Island of Cuba for watches to be supplied by the plaintiff. Still further, the fourth numbered paragraph of the contract provides for 5 per cent. commission on all goods which the plaintiff shall ship, and omits any mention of a commission on the samples delivered. The defendant, as agent and bailee, held the goods as samples without the jus disponendi either for defendant's or plaintiff's account; for, if he could sell the samples, the object of the contract, to procure orders by exhibiting them, would have been lost. The fifth numbered paragraph of the contract provides: "On the termination of this agreement, the samples furnished to said Bolivar S. Romero, as above specified, and any other samples which may be furnished in future from time to time, are to be at once returned or paid for, at said catalogue prices, less the discounts of 20 per cent. and 5 per cent., at the option of the said Bolivar S. Romero." Contracts containing similar stipulations have invariably been construed by the courts of this state as constituting a simple bailment, and the theory upon which these cases proceed is that the title to the goods remains in the original owner, subject to be vested in the other party by the happening of a condition precedent, viz. the retaining of the goods under the option to pay for them. Westcott v. Thompson, 18 N. Y. 363; Morss v. Stone, 5 Barb. 516; Whitehead v. Vanderbilt, 10 Daly, 214. The defendant could in no case acquire title to the goods until the termination of the contract, and before that time the samples were stolen without any negligence on the part of defendant. Without the clause in the contract the defendant, as a bailee, was bound to return the samples intrusted to him at the termination of the contract, or pay their value. First Nat. Bank of Lyons v. Ocean Nat. Bank, 60 N. Y. 284, 19 Am. Rep. 181. And, in order to hold the bailee as an insurer of the return of the goods, it must appear expressly and specifically on the face of the contract that such was the agreement. No mere inference will suffice, for the law hesitates to enlarge the common-law obligation of the bailee. Ames v. Belden, 17 Barb. 513, 517. The defendant, being a mere bailee, is only to be held to the care of a prudent and reasonable man.

The further claim that the defense is not properly pleaded, for the reason that it does not set forth that defendant had used due diligence in endeavoring to procure the return of the goods from the person who took them feloniously, is without force. The defense alleges that before the plaintiff was entitled to the return of said goods no part of the aforesaid stolen goods had been recovered by the defendant, and under this plea the defendant may prove that all diligence required of him by law was had. It follows that the separate defense is sufficient in law, and the demurrer thereto must be overruled, with costs.

Demurrer overruled, with costs.