WILLIAM BAKER et al., Respondents, *v.* THE NEW YORK NATIONAL EXCHANGE BANK, Appellant.

The relation between a commission agent for the sale of goods and his principal is fiduciary; and, in the absence of an express agreement or one implied by the course of business or dealing between them, giving the former the right to appropriate to his own use the proceeds of sales of his principal's goods, such proceeds belong to the principal, subject to the lien of the agent for commissions, advances and other charges, and the principal may follow and reclaim them so long as the identity is not lost, subject to the rights of a *bona fide* purchaser for value.

Where a firm of commission merchants, which was insolvent, for the purpose of protecting its principals, opened a bank account in the name of the firm, with the word "agent" added, the bank having knowledge of such purpose, and deposited to the credit of that account the proceeds of sales of goods of a principal, and upon settlement gave to him a check for the balance belonging to him, *held*, that the bank had no right to charge against the account an individual debt of the firm, even with its consent.

Also *held*, that the right of the principal was not affected by the fact that the agents used the specific proceeds of the sales and deposited other moneys to make up the amount so used ; that such deposits, being substituted for the original proceeds, became impressed with the trust, and subject to the same equities.

Also *held*, it was immaterial that the proceeds of sales of goods belonging to other principals were deposited in the same account; that, in the

absence of proof to the contrary, the presumption was that the fund was adequate to protect all interests, and the check operated as a setting apart of so much to satisfy the claim of the principal to whom it was delivered.

(Argued June 1, 1885 ; decided October 6, 1885.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made March 20, 1883, which affirmed a judgment in favor of plaintiff, entered upon a verdict directed by the trial court.

This action was brought by plaintiffs, composing the firm of Baker & Wilson, to recover the amount of a check drawn upon defendant by " C. A. Wilson & Bro., agents." The drawers were commission merchants ; they became insolvent in October, 1878, and, thereafter, to protect their principals, among whom were plaintiffs, opened a deposit account with defendant in the name of their firm, adding the word " agent," to the credit of which account they deposited the proceeds of the sales of their principal's goods. The check in question was given by said agents on settlement of their accounts with plaintiff. Defendant alleged that at the time the check was drawn there was no balance to the credit of said account, and offered to prove on the trial that prior thereto they were authorized by said agents to charge to the account an individual indebtedness of their firm, which was done, leaving no balance. This was objected to and excluded, and defendant's counsel duly excepted.

The further facts appear in the opinion.

*Thomas Allison* for appellant. Plaintiffs could not recover herein without tracing their money into defendant's hands. (*Ferris* v. *Van Vechten*, 73 N. Y. 113.) The use, for his own benefit, by the consignee, commission merchant, of the proceeds of a sale of consigned goods would not be a conversion of those proceeds, or a breach of trust, in .the absence of an express agreement that he should not so use them. (*Walter* v. *Bennett*, 16 N. Y. 250, 253 ; *Greentree* v. *Rosenstock*, 61 id.

583.)   The fact of the witness Wilson's interest in the question at issue required the submission of this case to the jury. (*Elwood* v. *W. U. Tel. Co.*, 45 N. Y. 549; *Kavanagh* v. *Wilson*, 70 id. 179; *Gildersleeve* v. *Landon*, 73 id. 609; *Koehler* v. *Adler*, 78 id. 287; *Honegger* v. *Wettstein*, 94 id. 252; *Hodge* v. *City of Buffalo*, 1 Abb. N. C. 356; *Sheridan* v. *Mayor, etc.*, 8 Hun, 424; *Hazen* v. *Hoboken L. Co.*, 50 N. Y. 53.)

*E. More* for respondents.   The fund, to the extent of the check, belonged to plaintiffs; it required no assignment, and the plaintiff could sue though the check was not accepted or certified.   (*Van Allen* v. *St. Nicholas Bk.*, 52 N. Y. 1; *Falkland* v. *Same*, 84 id. 145; *Central Nat. Bk.* v. *Conn. Mut. L. Ins. Co.* U. S. Sup. Ct. [10 Ins. L. J.] 897; *Knatchbull* v. *Hallett*, L. R., 13 Ch. Div. 696.)   Where an agent puts his own money in with trust funds, and checks out for his own use, such checks are in equity to be charged to his funds only. And if he has checked out as much as he deposited of his own funds, the balance belongs to his principals.   (*Dows* v. *Kidder*, 84 N. Y. 131.)

ANDREWS, J.   The relation between a commission agent for the sale of goods and his principal is fiduciary.   The title to the goods until sold remains in the principal, and when sold, the proceeds, whether in the form of money, or notes, or other securities, belong to him, subject to the lien of the commission agent for advances and other charges.   The agent holds the goods and the proceeds upon an implied trust to dispose of the goods according to the directions of the principal, and to account for, and pay over to him the proceeds from sales. The relation between the parties in respect to the proceeds of sales is not that of debtor and creditor simply.   The money and securities are specifically the property of the principal, and he may follow and reclaim them, so long as their identity is not lost, subject to the rights of a *bona fide* purchaser for value.   In case of the bankruptcy of the agent, neither the

goods nor their proceeds, would pass to his assignees in bank-ruptcy for general administration, but would be subject to the paramount claim of the principal. (*Chesterfield Manu-facturing Co.* v. *Dehon*, 5 Pick. .7 ; *Merrill* v. *Bank of Norfolk*, 19 id. 32 ; *Thompson* v. *Perkins*, 3 Mason, 232 ; *Knatchbull* v. *Hallett*, L. R., 13 Ch. Div. 696 ; *Duguid* v. *Edwards*, 50 Barb. 290 ; Story on Ag., § 229.) The relation between a principal and a consignee for sale, is, however, sub-ject to modification by express agreement, or by agreement implied from the course of business or dealing between them. The parties may so deal that the consignee becomes a mere debtor to the consignor for the proceeds of sales, having the right to appropriate the specific proceeds to his own use.

In the present case the bank account against which the check was drawn, represented trust moneys belonging to the prin-cipals for whom Wilson & Bro. were agents. The deposits to the credit of this account were made in the name of the firm, with the word "agents" added. They were the proceeds of commission sales. Wilson & Bro. became insolvent in October, 1878, and they opened the account in this form for the purpose of protecting their principals, which purpose was known to the bank at the time. The check in question was drawn on this account in settlement for a balance due to plaintiffs, upon cash sales made by the drawers as their agents. It is clear upon the facts that the fund represented by the deposit account was a trust fund, and that the bank had no right to charge against it, the individual debt of Wilson & Bro. The bank having notice of the character of the fund, could not appro-priate it to the debt of Wilson & Bro., even with their consent to the prejudice of the *cestui que trusts.* The supposed diffi-culty in maintaining the action arising out of the fact that the money deposited was not the specific proceeds of the plaintiffs' goods, is answered by the case of *Van Alen* v. *American Nat. Bank* (52 N. Y. 1). Conceding that Wilson & Bro. used the specific proceeds for their own purposes, and their identity was lost, yet when they made up the amounts so used, and deposited them in the trust account, the amounts so

deposited were impressed with the trust in favor of the principals, and became substituted for the orignal proceeds and subject to the same equities. The objection that the deposit account represented not only the proceeds of the plaintiffs' goods but also the proceeds of goods of other persons, and that the other parties interested are not before the court, and must be brought in in order to have a complete determination of the controversy, is not well taken. The objection for defect of parties was not taken in the answer, and moreover it does not appear that there are any unsettled accounts of Wilson & Bro. with any other person or persons for whom they were agents. · The check operated as a setting apart of so much of the deposit account to satisfy the plaintiffs' claim. It does not appear that the plaintiffs are not equitably entitled to this amount out of the fund, or that there is any conflict of interest between them and any other person or persons for whom Wilson & Bro. acted as consignees. The presumption in the absence of any contrary indication, is, that the fund was adequate to protect all interests, and that Wilson & Bro. appropriated to the plaintiffs only their just share.

We are of opinion that the judgment was properly directed, and it should therefore be affirmed.

All concur.

Judgment affirmed.