THE VOGT MANUFACTURING AND COACH LACE COMPANY, Appellant, *v.* CARL OETTINGER, Respondent.

*Complaint — when for conversion and when in replevin — following money converted, into the property acquired by it — the remedy is in equity — jurisdiction of the County Court.*

The second cause of action in a complaint alleged that the defendant wrongfully took from the possession of the plaintiff and carried away personal property of the plaintiff, to wit, money of a certain amount, and paid and exchanged it for certain personal property described; that the described property then became and was the property of the plaintiff, and that the plaintiff was entitled to its immediate possession; it then alleged the value of the property and a demand and refusal to deliver, and closed with a demand for the recovery of possession or of the value of the property in case a delivery could not be had. A demurrer was interposed.

*Held,* that the complaint did not state a cause of action for wrongful conversion but in replevin;

That the action being one at law, replevin could not be maintained upon the facts as stated, as the property substituted for the money could not be reached except in equity;

That as the action was originally brought in a County Court, and as that court had no equitable power in this respect, the action could not be maintained.

APPEAL by the plaintiff, The Vogt Manufacturing and Coach Lace Company, from an interlocutory judgment of the County Court of Monroe county in favor of the defendant, entered in the office of the clerk of Monroe county on the 12th day of January, 1895, sustaining a demurrer to the plaintiff's second cause of action and dismissing said cause of action, with ten dollars costs.

*Wile & Goff*, for the appellant.

*George M. Williams*, for the respondent.

Ward, J. :

There were two counts in the plaintiff's complaint. The first alleged the ownership of the plaintiff in, and that it was entitled to the possession of, a kodak camera and other articles of personal property of the value of $180, and that it was detained from the plaintiff.

The second cause of action alleged that the defendant wrongfully and unlawfully took from the possession of the plaintiff and carried away the personal property of the plaintiff, to wit, money in various amounts aggregating and to the value of $468; "that defendant did pay and exchange the said money so taken, or some part thereof, for the following described personal property, to wit," enumerating the specific articles set forth in the first cause of action, and proceeds, "that the above-described property thereupon became and is the property of plaintiff, and plaintiff is the owner thereof, and is entitled to the immediate possession thereof," and then alleged the value of said property at $180.95, and the demand thereof of the defendant before the commencement of the action, and his refusal to deliver the same upon such demand to the plaintiff, and concludes, "Wherefore, plaintiff demands judgment against defendant for the recovery of the possession of said goods or for the sum of one hundred and eighty and ninety-five one-hundredths dollars, the value thereof, in case a delivery cannot be had, together with the costs of this action."

The defendant demurred to the second cause of action on the ground that it appeared on the face of the same "that said second cause of action does not state facts sufficient to constitute a cause of action."

A cause of action would have been stated in the complaint demurred to for the wrongful conversion of the plaintiff's money if an appropriate demand for judgment had accompanied it. The judgment there demanded was for the specific property that was purchased with the money, or, in case delivery could not be had, of the value thereof. The action, therefore, seems to be predicated in replevin purely for the specific articles enumerated.

A demurrer to a complaint upon the ground that it does not state facts sufficient to constitute a cause of action should be sustained if the facts stated in the complaint do not entitle the plaintiff to the relief specifically demanded therein, even though they would have entitled him to some other or different relief had he demanded it. (*Edson* v. *Girvan*, 29 Hun, 422; *Swart* v. *Boughton*, 35 id. 281, and cases there cited.)

The remaining question is whether replevin can be maintained upon the facts alleged in the pleading demurred to. The theory of the plaintiff is that the defendant acquired no rights in the substituted property, and is not permitted to assert any, and that the plaintiff is entitled in a court of law to pursue the substituted property with the same proceedings and remedies that he would have as to the property taken from him, and to sustain this position the plaintiff cites *Silsbury* v. *McCoon* (3 Comst. 379, and cases there cited); *Van Alen* v. *The American National Bank* (52 N. Y. 1); *Baker* v. *The New York National Exchange Bank* (100 id. 31).

The case first cited was where corn had been converted into whiskey, and kindred cases are there referred to where logs have been converted into lumber or shingles, leather into boots or shoes, gold into cups, etc.; and asserting the proposition that the common law recognizes the same rule as the civil law in such cases, that where the rights of innocent persons did not intervene, any value or accretion added to the original property wrongfully taken from the owner belongs to the original owner, although by the change in the property effected by the wrongdoer it could no longer be identified, but evidence was required from the changes effected by the wrongdoer to trace it back to the original property.

This was an action of trover to recover the whiskey.

In *Van Alen* v. *The American National Bank* an agent had deposited money of his principal to his own account, and the principal brought an action to recover the money. The principal recovered, and the court says, at page 4: "That so long as money or property belonging to the principal, or the proceeds thereof, may be traced and distinguished in the hands of the agent or his representatives or assignees, the principal is entitled to recover it, unless it had been transferred for value without notice."

This money was realized by the agent by the sale of certain bonds

of the plaintiff, although the identical money received for the bonds was not deposited, but money was substituted for it.   The plaintiff recovered a judgment for the money, the bank having refused, upon a presentation of the agent's check, to pay the money.

The case of *Baker* v. *The New York National Exchange Bank* (*supra*) was a similar case to the one last cited.

It will be observed that in these cases the property taken by the wrongdoer, or the direct proceeds of that property, was recovered, though the identity of the property taken was lost by the act of the wrongdoer, and evidence was necessary to trace it back to the original condition.   If the plaintiff recovers in the case before us it must be upon the theory that the plaintiff adopts the act of the defendant in using the stolen money to purchase the property sought to be replevined, and thus obtains title, as it were, by ratification; this may be permitted in an equitable action, but not in an action at law, where the action is based upon the wrongful taking or detention of the personal property of the plaintiff.   The County Court had no equitable power in this regard, even if this may be treated as an equitable action to reach the proceeds of the plaintiff's property in the hands of the defendant.

The interlocutory judgment sustaining the demurrer should be affirmed, with costs, with leave to the plaintiff to amend the complaint within twenty days upon payment of the costs of the demurrer and of this appeal.

LEWIS and BRADLEY, JJ., concurred;  WERNER, J., not sitting.

Interlocutory judgment affirmed, with costs, with leave to the plaintiff to amend the complaint within twenty days upon payment of the costs of the demurrer and of this appeal.