REMY LAFORT, Respondent, *v.* JAMES H. CARPENTER, Defendant; WILLIAM R. BRIDGES, as Assignee for the Benefit of Creditors of JAMES H. CARPENTER, Appellant.

*Equitable lien — a bond deposited for collection — the proceeds may be followed into the hands of a general assignee.*

Where a customer deposits a bond with the agent of a banker for purposes of collection only, the relation created between the parties is not that of debtor and creditor, but that of principal and agent.

The fund realized from the collection of the bond is impressed with a trust in favor of the customer, and he may follow the property in its changed form into the hands of a person who is the general assignee for the benefit of the creditors of the banker,

Upon the trial of an action brought to recover the proceeds of a bond deposited with one Carpenter, against Carpenter and William R. Bridges, his assignee for the benefit of creditors, it appeared that the plaintiff, about two weeks before Carpenter made a general assignment, delivered to Bridges, who was then the agent of Carpenter, a certain bond, with instructions to collect the money due upon it; that the money was actually collected and received by Carpenter, through his agent Briggs, two days before the former made the assignment; that during a period of ten years the plaintiff had transacted business with the defendant Carpenter, or with a firm of which the defendant was a member, and to the business of which he had succeeded, and that the nature of the business was the deposit of checks, cash, securities and bonds, and the keeping of a regular bank account. It further appeared that when the bond in question was deposited by the plaintiff for collection, he told Bridges that he wanted the money for the bond, and declined to invest the proceeds in other bonds which Bridges suggested.

*Held*, that Bridges, as assignee of Carpenter, took the money, impressed with the trust under which Carpenter held it, and could not be treated as a *bona fide* holder of the money as against the claim of the plaintiff, the *cestui que trust* and owner of the same;

That, it appearing that Bridges as assignee received more money than the amount realized upon the collection of the bond, the plaintiff was entitled to a judgment impressing the fund in the hands of Bridges with a lien for the amount collected by Carpenter upon the bond.

APPEAL by the defendant, William R. Bridges, as assignee for the benefit of creditors of James H. Carpenter, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Rensselaer on the 12th day of February, 1895, upon the report of a referee.

*Edward W. Douglas,* for the appellant.

*James B. Egan,* for the respondent.

MAYHAM, P. J.:

On the 29th of April, 1893, the plaintiff in this action and respondent on this appeal delivered to the defendant, James H. Carpenter, a debenture bond stated to be of the value of $1,030, with instructions to Carpenter to collect the money on such bond. Carpenter, through his agent, Bridges, received said bond and agreed to collect the same.

On the twelfth of May the bond was collected and converted into cash and the proceeds sent to the First National Bank of New York city for collection on May thirteenth, where they remained on deposit to the credit of the defendant Carpenter until after the fifteenth of May, on which day Carpenter made a general assignment for the benefit of his creditors to the defendant Bridges. In addition to the amount realized on the bond, Bridges, as assignee, drew from the bank $800.90, and there was also transferred to him by the assignment the sum of $5,787.85, cash on hand.

The case discloses that during a period of about ten years prior to the time of the delivery of the bond in question, the plaintiff and the firm of Neher & Carpenter, and Carpenter, as the successor in business of such firm, had had business dealings with the plaintiff; and that that firm had collected other securities for the plaintiff, and that the proceeds of some of such collections had been deposited with Carpenter's firm which was carrying on the business of individual bankers. The defendant Bridges swears that during that time the character of the business which plaintiff did with Carpenter's firm was depositing checks, cash, securities, bonds, etc., and keeping a regular bank account.

In speaking of the transaction in controversy in this action the witness used this language: "Shortly after the first of May, Mr. Lafort came in with a debenture bond of the Minneapolis Debenture Loan Co., due on May 1st, 1893, $1,000 and interest $30.00, $1,030. I asked him do you want to reinvest in a debenture? He said no, I am going to use the money for something else. I said very well, I will send this over to Boston with other bonds."

The plaintiff, in his testimony, characterizes that transaction as

follows : " I brought this bond to Mr. Bridges, who is the cashier in this house, and asked him to collect that bond for me. He told me it would take some days to collect the money. He had to send the bond to Boston for collection; then Mr. Bridges asked me at least this question : If I wanted to buy another bond of the Minneapolis firm for that money, which, as I understood he would have sold me then and there. I told him I did not want to buy a bond. Then Mr. Bridges asked me some question to the effect what I would do with the money. I told him that I did not know ; that I wanted the money, and would tell him when I got the money ; that is, in a few days if I could. That is all that took place that day."

This is the substance of the evidence bearing upon the question as to what the real character of the transaction between Carpenter and the plaintiff was at the time of the receipt of this bond.

On the part of the plaintiff it is insisted that this transaction created only an agency on the part of Carpenter for the plaintiff for the collection of this bond.

On the part of the defendant Bridges it is insisted that this transaction, taken in connection with other previous transactions between the plaintiff and Carpenter's firm, showed a deposit of this bond or its proceeds with Carpenter, in his capacity as a banker, and that the fund arising from the collection of this bond could be properly credited to the plaintiff on account, and that the proceeds thereof became a part of the assets of Carpenter, and passed as such to his assignee on his general assignment for the benefit of creditors.

It is manifest that the transaction alone which occurred at the time of the delivery of this bond to Bridges, as cashier of Carpenter, was simply a deposit of the bond for collection only, and that that transaction, disassociated from any other transaction between the plaintiff and Carpenter, could not be treated as a deposit of this bond to the credit of the plaintiff. Nor does the evidence show that there was such a uniform custom on the part of the defendant Carpenter, in receiving of the plaintiff bonds for collecting and depositing their proceeds to the credit of the plaintiff in the bank account, as would change the character of this transaction and make it a general deposit of this bond or its proceeds, and relieve the defendant Carpenter from the manifest agency that he assumed when he took this bond for collection.

The title to the fund, therefore, which was realized on this bond, never passed to the defendant Carpenter, and the fund was, therefore, only in his hands as the agent of the plaintiff, and not as owner, and was a trust fund, to which the assignee acquired no title, and in which the creditors of Carpenter had no legal or equitable interest.

The referee found that on or about the 29th day of April, 1893, the plaintiff delivered said bond to the defendant William R. Bridges, and instructed him to collect the sum of money mentioned therein of the makers thereof, and also at the same time informed him, the said Bridges, that he desired the money when the same was collected.

The referee also found "That at the time of the delivery of said bond to the defendant Bridges as aforesaid, he, the said Bridges, was the agent of the defendant James H. Carpenter, and, as such agent, said Bridges received and accepted said bond from the plaintiff at the time of its delivery to him, and, on behalf of said Carpenter, promised and agreed to collect the amount thereof and to pay to this plaintiff, on his making demand therefor, the proceeds of such collection."

We think the findings of the referee are fully sustained by the evidence.

We are referred by the learned counsel for the appellant to *The People* v. *Merchants & Mechanics' Bank of Troy* (78 N. Y. 269) as an authority for the proposition that this bond and its proceeds became, on the receipt of the bond by Carpenter, a part of the assets of Carpenter's estate, and that the plaintiff from that time sustained the relation of a creditor of the Carpenter firm for that amount.

The case to which we are referred is not an authority for that contention. In that case, the Chemical National Bank having received from a customer of the Merchants and Mechanics' Bank a check upon that bank, sent it to the drawee for payment. The Merchants and Mechanics' Bank charged the check to the drawer, whose account was then good for the amount, and returned the check to the drawer as paid. It sent to the Chemical National Bank a draft on a New York bank for the amount of the check. Two days after, the Merchants and Mechanics' Bank closed its doors and a receiver of its assets was appointed, and the draft was not paid. On application by the Chemical National Bank for an order requiring the receiver to pay the amount of the check on the ground that the assets came to the

hands of the receiver, impressed with a trust, in favor of the Chemical National Bank, it was held that the order was properly denied.

It will be seen that the facts of the last cited case are quite unlike those of the case at bar.

The delivery of the bond by the plaintiff to the defendant Carpenter under the circumstances of this case would not have authorized the plaintiff to draw on Carpenter against the proceeds of the bond; and his draft, if drawn under such circumstances, would not furnish a cause of action in favor of his payee against Carpenter. The bond and the fund realized on the same, in the hands of Carpenter or of his agent or assignee, was clearly impressed with a trust which arises from the relation between the agent charged with the duty of collecting funds and his principal in relation to funds so collected. The agent received and held the bonds or the proceeds thereof in a fiduciary capacity and not as owner.

In *Importers & Traders' National Bank* v. *Peters* (123 N. Y. 278) it was held that where money held by a person in a fiduciary capacity has been deposited by him in his general account at a bank, the party for whom the money is held can follow it, and has a charge on the balance in the banker's hands, and O'BRIEN, J., in discussing that question, uses this language : " When money held by a person in a fiduciary capacity has been paid or deposited by him in his general account at a bank, the party for whom the money is held can follow it, and has a charge on the balance in the banker's hands, and if a person holding money in a fiduciary capacity pays it to his account at his bankers, and mixes it with his own money, and afterwards draws out some by checks generally and in the ordinary manner, the drawer of the checks must be taken to have drawn out his own in preference to the trust money." (See, also, *Baker et al.* v. *N. Y. National Exchange Bank*, 100 N. Y. 34.)

Applying the rule in the cases cited to the case at bar; it will be found that at the time of the assignment of Carpenter to Bridges there was standing to the credit of Carpenter in the First National Bank of New York, $1,830.90, which must, under the rules referred to, have represented the $1,030 which were the proceeds of the sale of the plaintiff's debenture bond. The defendant Bridges, the assignee of Carpenter, took this money impressed with the trust under which it was held, and cannot be treated as a *bona*

*fide* holder of this money for value, as against the claim of the *cestui que trust*, and owner of the same. The character of the trust fund was not lost by mixing it•with other moneys. (*The People* v. *The City Bank of Rochester*, 96 N. Y. 32.)

In *Dows* v. *Kidder* (84 N. Y. 121) it was held : "If any property in its original state and form is covered with a trust in favor of the principal, no change of that state and form can divest it of such trust ; or give the agent or trustee converting it, or those who represent him in right * * , * any more valid claim in respect to it than they respectively had before such change. * * * The plaintiff may follow the property, however it may change form, or in whosoever hands it may be found, until his rights be divested by his own act or authority." ·

In *Baker* v. *The New York Nat. Exchange Bank* (100 N. Y. 31) the court says : " The relation between a commission agent for the sale of goods and his principal is fiduciary. The title to the goods until sold remains in the principal, and when sold the proceeds, whether in the form of money or notes, or other securities, belong to him. * * * The relation * * is not that of debtor and creditor simply. * * * In case of the bankruptcy of the agent neither the goods, nor their proceeds would pass to his assignee * * * but would be subject to the paramount claim of the principal."

And in *People* v. *Bank of Danville* (39 Hun, 187) it was held that " If the identical moneys collected by the bank did not pass into the hands of the receiver, it makes no difference, for in some shape or form they went to swell the assets which fell into his hands."

We think under the well-settled rules established in the above cases, and in other cases to which reference might be had, it is clear that the defendant Carpenter, before the assignment, and his assignee subsequently thereto, became chargeable with the proceeds of this bond in their fiduciary capacity as agents of the plaintiff, and that the referee was right in holding that the plaintiff might recover, and that the judgment recovered in this action was properly declared to be a first lien upon the funds in the hands of the defendant Carpenter, and that the judgment must be affirmed.

PUTNAM, J., concurred ; HERRICK, J., concurred in result.

Judgment affirmed, with costs.