## CUSTER COUNTY V. WALKER.

1. The deposit in defendant bank by the county treasurer, to the credit of his trust account, of $1,000 previously borrowed from said bank on his individual note, constitutes such money a trust fund, not subject to his individual debts without the consent of the county.

2. A county treasurer borrowed $1,000 from defendant bank on his individ-
ual note, and then deposited it to his account as county treasurer, pre-
sumably to take the place of funds previously collected for the county.
Thereafter the bank delivered to the treasurer drafts, including one for
the $1,000, payable to his order as county treasurer, which were exhib-
ited by him to the county commissioners, and his accounts settled in re-
liance thereon.  *Held*, that the bank was estopped from claiming a lien
on the $1,000 on account of the loan, or from setting up an agreement
with the treasurer, that, if the note was not paid in full, the balance
was to be charged back to the account.

(Opinion filed April 5, 1898.)

Appeal from circuit court, Custer county.   Hon. WILLIAM
GARDNER, Judge.

Action by Custer county to recover certain moneys alleged
to have been deposited by its treasurer, in the Commercial
Bank of Hermosa.   Plaintiff had judgment and defendant ap-
peals.   Affirmed.

*Wood & Buell*, for appellant.

The custom of banks receiving commercial paper of their
customers in giving such customers credit for the same upon
the deposit thereof in advance of collection, and charging such
paper back to the account to which it was credited, in case of
non-payment, is as old as banking itself, and this right is not
doubted by the great weight of modern authority.   1 Morse
Banks & Bkg. (3d Ed.) § 187; 2 Id. 583; Banking Co. v. Davis,
24 S. E. 365; *In re* State Bank, 57 N. W. 336; Beal v. Somer-
ville, 50 L ed. 647; Balback v. Frelinghuysen, 15 Id. 675; Scott
v, Bank, 23 N. Y. 289.

*Charles W. Brown* and *W. E. Benedict*, for respondent.

A bank receiving deposits to the account of a customer as
executor, administrator, trustee, agent or treasurer, 'is charge-
able with notice of the trust, and cannot have a lien upon the
deposits to secure his private debts to the bank.   Baker v.
Bank, 100 N. Y. 31; Bank v. Ins. Co., 104 U. S. 54; Bank v.
Gillespie, 137 U. S. 411; 1 Jones on Liens, § 248-250.

CORSON, P. J.   The controversy in this case arises over a
claim of the plaintiff against the Commercial Bank of Hermosa,

of which Albert C. Walker is assignee, for $896.04, balance due on account of moneys deposited in said bank by one Benjamin M. Tunley, county treasurer of said plaintiff county. Tunley was county treasurer of said county from January, 1891, to January, 1895, and during that time he had an account with said bank as such county treasurer. On January 18, 1893, the said Tunley applied to said bank for a loan of $1,000; giving his own promissory note and a chattel mortgage as security. The $1,000 was at once placed to the credit of the said Tunley, as county treasurer, on the books of the bank, and so remained until December 31, 1894, when the bank, claiming that Tunley's note had not been paid, and that said note had been given without consideration, charged against said account the balance of said note unpaid, of $896.04. Tunley had renewed his note from time to time, and paid thereon, as principal and interest, sufficient to reduce it to the last-named amount. On July 1, 1894, the bank furnished to said Tunley a statement of the balance due him as county treasurer, as appeared by the books of said bank, in which was included the $1,000 above specified; and, this being exhibited to the board of county commissioners of the plaintiff county, the accounts of said Tunley were by the board settled. On September 29, 1894, the said bank furnished and delivered to said Tunley drafts, among which was a draft for the $1,000, payable to the order of said Tunley, county treasurer. This draft, with others, was exhibited to the board of county commissioners, and his quarterly account settled upon the faith of the correctness of said $1,000 draft. These drafts were returned to the bank soon after the above settlement, and thereafter remained in the bank. When Tunley's term of office expired, in January, 1895, he transferred to the plaintiff the accounts standing in his name as county treasurer in the bank. Mr. Maxon, the president of the bank, testified that when he loaned Tunley the $1,000, and placed it to his credit as county treasurer, it was agreed between them that, if the note should not be paid in full, the balance unpaid should

be charged back to the account. The evidence was not disputed. The bank paid over to the county upwards of $700 standing to the credit of Tunley as county treasurer, but denied its liability for the $896.04, the balance of the $1,000. The appellant contends that, both by the custom of banks and the express agreement, the bank had the right, when the $1,000 note was not paid, to charge the balance unpaid to the account of Tunley as county treasurer, and that the fact that the note was due from him individually, while his account as county treasurer was a trust fund, did not affect the right of the bank to charge the debt due it to this trust fund; that the fund was not raised from taxes, or from other county funds, and never in fact belonged to the county. The respondent insists that when the loan was made, and the money credited to Tunley as county treasurer, it then became the money of the county, and the bank had no right to take that money to pay Tunley's private debt, and that the act of the bank in so charging it back was an act it had no authority to do without the consent of the county. It further insists that the bank is estopped by its written statements, by which it admitted the money was county money, to now deny that fact; the county having acted upon the faith of these statements.

We are of the opinion that respondent is correct in both positions. The learned circuit court evidently took this view, and finds that the $1,000 was loaned and delivered to Tunley as an individual, and that subsequently he, with the consent of the bank, deposited the same to the credit of himself as county treasurer. This undoubtedly was the legal effect of the transaction. The money, therefore, when deposited to Tunley's credit as county treasurer, became a trust fund, not subject to his individual debts. By such deposit it ceased to be Tunley's individual money, and at once became the money of the county —subject, of course, to be drawn out upon his checks as county treasurer. Had he, therefore, attempted to draw out the fund on his individual check, his checks would not have been hon-

ored; and had he attempted to transfer it, as county treasurer, to the bank, in payment of his own individual indebtedness, the county could have followed it as trust funds in the possession of the bank. This being so, it would follow that what he could not do himself, the bank, as his creditor, could not do. Suppose the note had been made to some other bank, and in a suit upon it such bank had sought to attach this fund in defendant's bank, standing in Tunley's name as county treasurer; would it be doubted that the attachment would be discharged at once? The defendant stood in no better position than any other bank would have stood, by reason of the fact that it had loaned Tunley the money, and held his funds as county treasurer. When the bank accepted the $1,000 loaned as a deposit in the name of Tunley as county treasurer, it then lost its right to hold a lien upon it for any balance that might become due it from Tunley as an individual. The money then became the money of the county, and was no longer subject to his individual debts. State v. McFetridge, 84 Wis. 473, 54 N. W. 1, 998. While it appears in this case that the $1,000 did not directly come from taxes, etc., it may reasonably be presumed that Tunley had in some manner used the money that he had collected, and that the $1,000 was obtained from the bank on his own personal credit, to replace the money so used by him, and when he deposited it to his credit as county treasurer the bank must have understood it as impressed with a trust in favor of the county. In other words, when Tunley had the money placed to his credit as treasurer, he, in effect, paid it in to the county, to take the place of the funds previously collected. This is evident from the fact that this $1,000 was required to be shown at the quarterly settlement in order to balance his accounts as treasurer. The fact, therefore, that the money was not the identical money paid in for taxes, is not material. It was none the less county money when deposited by Tunley in his name as county treasurer. National Bank v. Insurance Co., 104 U. S. 54; Baker v. Bank, 100 N. Y. 31, 2 N. E. 452. But, if there was any

doubt as to the foregoing proposition, there can be none as to the proposition that the bank is estopped by its statements in writing made to the board of county commissioners, or so made as to be exhibited to the board, and thereby enabling Tunley to make his quarterly settlement with the board, from claiming the money, as against the county. It gave to the county no notice, directly or otherwise, that it claimed any lien upon it for any personal balance against Tunley, but by its draft at least gave the board to understand that the amount of $1,000 was held in the name of the treasurer as county funds. The case comes clearly within the rule laid down in Tolerton & Stetson Co. v. Casperson, 7 S. D. 206, 63 N. W. 908; Eickelberg v. Soper, 1 S. D. 563, 47 N. W. 953. We are of the opinion that the findings of the court are fully supported by the evidence, and that the court's conclusions of law and judgment are correct. The judgment of the circuit court is affirmed.