STONEMAN v. VAN VECHTEN et al.

(Supreme Court, Appellate Division, Third Department. December 12, 1899.)

1. PLEADING—ACTION ON CONTRACT—COUNTERCLAIM.

> A complaint alleged a consignment by plaintiff's assignor of merchandise to defendants on an agreement by them to sell as agents of the assignor, and to pay over to him each month, after any sale, 70 per cent. off the list price fixed therein by the assignor at the time of the consignment; the payments to be made whether the purchasers had paid defendants or not. It then alleged sales by defendants, and a refusal to account on demand. *Held*, that the complaint declared on a contract, so as to admit a counterclaim.

2. CONSIGNMENT OF MERCHANDISE—LIABILITY FOR CONVERSION.

> Evidence that consignees of merchandise were to sell it for what they pleased, and account to the consignor for 70 per cent. off the price at which it was listed to them, shows simply a case of merchandise received by the consignee on sale or return, to be paid for at a price fixed in advance, if disposed of, and, if not, to be returned, and does not show a fiduciary relation which would make the consignee liable for a wrongful conversion of the proceeds of sales thereof.

Appeal from trial term, Albany county.

Action by George T. Stoneman, as assignee of Arthur G. Gray under a general assignment for the benefit of creditors, against Arthur Van Vechten and another. From a judgment for plaintiff, defendants appeal. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and KELLOGG, JJ.

Lewis & Stoddart (Thomas A. Stoddart, of counsel), for appellants. Mead & Hatt (S. S. Hatt, of counsel), for respondent.

KELLOGG, J. This is an appeal from a judgment rendered in favor of plaintiff upon the findings of a referee. The questions for review relate solely to the nature of the action. If the action is ex delicto, and is supported by the proofs in that character, then the judgment is right, and the referee committed no error in excluding from consideration the counterclaim pleaded in defendants' answer, and replied to by plaintiff. If the complaint sounds in tort, and the proof establishes a contract relation only, then the judgment is wrong. If the complaint can be properly construed as declaring upon contract, then the referee should have considered the counterclaim.

The complaint alleges an agreement made by plaintiff's assignor with defendants that certain merchandise should be "consigned and delivered" to defendants as agents, to be sold, as agents, on account of the assignor, and to pay over to him each month, after any sale, "so much of the price or sum at which said defendants had made such sales as should be equal to seventy per cent. off of the list price fixed upon said merchandise by the said Gray [the assignor] at the time the same was consigned by him to said defendants; * * * and said defendants were to make such payments monthly after making such sales, whether the purchaser had or had not paid them for such purchase." The complaint then alleges the delivery under such agreement of several items of merchandise, with the prices

61 N.Y.S.—33

fixed; a sale thereof by defendants of all, except a few items returned; a demand by this plaintiff for an accounting; a neglect and refusal by defendants,—and asks for judgment in the sum of $230.58, and such further order and relief as may be just. The complaint does not allege an agreement that defendants shall sell at any particular price or in any particular manner, for cash or on credit, or that defendants should be under any instructions touching sales, or that the proceeds of the sales, less commissions, etc., should be returned to plaintiff's assignor. Nor does the agreement contemplate a guaranty to the assignor of payment by the purchasers from defendants. But the agreement, as alleged, gives to the defendants the same discretion as an owner possesses, in all respects, as to prices, time, and terms of sale; stipulating only for payment for the merchandise disposed of, at a fixed price, monthly, after sales made. The utmost which can be claimed, I think, for these allegations of the complaint, is that they show ownership in the plaintiff or his assignor, of the merchandise, until a sale thereof by defendants; that defendants were agents of plaintiff or his assignor, respecting the custody of the merchandise, up to the time of sale; that a sale severed both the ownership and agency, and thereafter, as to the merchandise sold, the relation between defendants and plaintiff or his assignor was that of debtor and creditor only. That there was no agency in defendants to collect payment for the merchandise sold is apparent. That was the defendants' affair. They might collect, or they might make a donation to the purchaser, as they pleased. The defendants obligated themselves to pay plaintiff or his assignor a stated sum within a stated time for the merchandise disposed of. That was all. That was the limit of their obligation,—their obligation exactly defined in the agreement. And this, it seems to me, defeats the pretense or inference of agency after the sale, and touching the proceeds. The language of the complaint, that defendants were to "sell as agents," or sell on account of the consignor, is, as to any inference to be drawn therefrom as to ownership of the proceeds of the sale, to be taken as qualified by the provision referred to as to payment for the merchandise by defendants personally.

As to the proof on trial: Plaintiff's assignor, who made the alleged verbal agreement, says:

"He could sell for whatever he pleased. I was to receive at the rate of 70 per cent. off of the list prices. In other words, he was to account to me for that price."

This is simply a case of merchandise received by defendants on sale or return. If disposed of, then to be paid for at the prices fixed in advance. If not disposed of, then to be returned. Beyond question, the defendants had the right to appropriate the specific proceeds of such sales to their own use; and this right is wholly inconsistent with plaintiff's contention that defendants can be held on a charge of wrongful conversion of the proceeds of such sales. The fiduciary relation existing between a commission agent for the sale of goods and his principal, as defined by Andrews, J., in Baker v. Bank, 100 N. Y. 31, 2 N. E. 452, does not exist here, for the reason that it does

not extend to the proceeds of sales; and, for the same reason, defendants cannot be regarded as del credere agents or factors. They are principal debtors, and not sureties for the purchasers.

In support of the conclusions here expressed, the following, taken from appellants' brief, may be cited: Ex parte White (In re Nevill) 6 Ch. App. 397; Nutter v. Wheeler, 2 Low. 346, Fed. Cas. No. 10,384; In re Linforth, 4 Sawy. 370, Fed. Cas. No. 8,369; Gindre v. Kean, 7 Misc. Rep. 582, 28 N. Y. Supp. 4.

I am of the opinion that the learned referee erred in holding that the action sounded in tort, and in excluding consideration of the counterclaim. As the referee made no finding fixing the amount of the counterclaim, there must be a reversal. All concur.