THE STATE SAVINGS BANK, *Appellee,* v. L. W. THOMPSON et al., The Streator Motor Car Company, Interpleader, and The Fourth National Bank, Garnishee, *Appellants.*

No. 17,873.

SYLLABUS BY THE COURT.

1. SALES — *By Agent — Proceeds of Sale Belong to Principal.* Where a principal delivers personal property to an agent to sell on commission the proceeds of the sale belong to the principal, subject to the lien of the agent for his commission and other proper charges, and the principal may follow and reclaim the proceeds so long as the identity is not lost.

2. ——— *Same.* Under the facts of this case the right of the principal was not affected if it be the fact that the agent used the specific proceeds of the sale and deposited other moneys to make up the amount so used, no superior right having attached thereto before the deposit; such deposit, if substituted for the original proceeds, became impressed with the trust and subject to the same equities.

Appeal from Sedgwick district court, division No. 2. Opinion filed January 11, 1913.   Reversed.

*S. B. Amidon, D. M. Dale,* and *Jean Madalene,* all of Wichita, and *B. F. Hegler,* of Guthrie, Okla., for the appellants.

*Earl Blake, W. A. Ayers,* and *C. A. McCorkle,* all of Wichita, for the appellee.

The opinion of the court was delivered by

SMITH, J.: The appellee brought this action in the district court of Sedgwick county to recover on a promissory note for $1600 executed by appellant L. W.

Thompson, and by H. L. Hale as surety, and caused a garnishee summons to issue to the Fourth National Bank of Wichita. L. S. Naftzger, president of the bank, answered that at the time of the service of the garnishee summons Thompson had deposited in the bank the sum of $1923.83; that the bank considered itself indebted to Thompson in that amount; that thereafter, about May 5, 1910, the money was claimed by the Streator Motor Car Company, which served notice upon the president of the bank that the Motor Car Company claimed all the money in the bank deposited in the name of L. W. Thompson as its money. The answer further offered to pay the money into court, and asked that the Streator Motor Car Company be made a party defendant and that the bank be discharged from further liability in the premises.

Thompson answered, in substance, that the note sued upon by appellee was without consideration; that he was not indebted thereon.

The Streator Motor Car Company interpleaded and alleged that on March 7, 1910, it consigned to Thompson an automobile of the value of $1951.12; that the car was to remain the property of the interpleader until sold, and when sold the money was to be forwarded to the company; that Thompson sold the car and received the money therefor and deposited it in the garnisheed bank in his own name; that the money so deposited was the money garnisheed and is the property of the interpleader.

A jury was impaneled to try the case. After the evidence was introduced, a motion was filed by the appellee for an instruction to the jury to bring a verdict for the plaintiff against the interpleader. The motion was sustained, verdict was returned in accordance with the instruction, and judgment was rendered that the money on deposit in the Fourth National Bank in the name of Thompson at the time the garnishee summons was served was the property of

Thompson and subject to the garnishment, and that the money was not at that time and is not the property of the interpleader, the Streator Motor Car Company. From this judgment the appeal is taken.

The evidence showed without dispute that the Streator Motor Car Company consigned an automobile to Thompson; that the automobile was to remain the property of the Motor Car Company until sold; that Thompson received the car at Wichita; that Thompson sold the car to Alfred Miller for $2200 and received in payment therefor one check for $1525 and one for $675, both dated March 12, 1910, and payable to Thompson.

Thompson testified that he received the two checks from Miller, aggregating $2200, and put them in the Fourth National Bank for collection; that at the time the garnishment summons was served, April 28, 1910, the amount of his deposit was in the neighborhood of $2000, and that all of it was derived from the sale of the automobile to Miller.

On the other hand, there was evidence tending to show that the $1525 check, received by Thompson as proceeds of the sale of the automobile, had not been deposited in the Fourth National Bank; that the $675 check had been so deposited, but that after such sale and the deposit of the $675 check the account of Thompson in the bank had at times been increased and at times decreased, so much that at one time his account was overdrawn. It is contended that this shows that the proceeds of the sale of the automobile had been entirely dissipated before the garnishee summons was served; that, hence, the money found to Thompson's credit at the time of the service of the garnishee summons could not have been the proceeds of the sale of the automobile but was derived from some other source.

This contention does not follow as a proposition of law, but at most presents an issue of fact. Neither

does it follow that if Thompson had entirely expended the funds derived from the sale of the automobile, which he held as trustee, and thereafter substituted his own money in lieu thereof, the appellees having no interest in the money so substituted at the time of the garnishment, they acquired any right by such garnishment prior to the right of the Streator Motor Car Company thereto. On the other hand, it has been frequently decided that a trustee in possession of funds belonging to another, who has used such funds for his own purposes, may restore the funds and substitute his own money in lieu thereof. (*In re T. A. McIntyre & Co.*, 181 Fed. 960; *Jeffray v. Towar*, 63 N. J. Eq. 530, 53 Atl. 182.)

In the latter case it was said: "The trustee having admittedly in his hands at least this amount of the trust estate, which has never since been otherwise accounted for or identified, and having deposited the amount in the account which did contain the trust funds, it must, in the absence of proof that they did not arise from other sources, be presumed that they were either originally trust funds, or funds substituted by the trustee for trust funds taken" (p. 538), and "even where deposits in the trustee account are proved to have been made with the depositor's personal funds, but the deposits were made to replace or restore trust funds for which he was accountable, the deposits become trust funds, by way of substitution, and the beneficiaries are entitled to hold them." (p. 546.)

(See, also, *Baker et al. v. New York Nat'l Ex. Bk.*, 100 N. Y. 31, 2 N. E. 452.)

There was an issue of fact upon which there was conflicting evidence as to whether the proceeds of the sale of the automobile had been deposited in the bank. The court erred in directing a verdict without submitting the facts to the jury with proper instructions, and also in rendering the judgment thereon.

The judgment is reversed and the case is remanded for a new trial.