In the Matter of the Estate of ISAAC V. HORN, Deceased.

Surrogate's Court, Erie County, April 18, 1941.

*G. Mowson Berg*, for the executrix.

*Rann, Brown, Sturtevant & Kelly,* for the New York Central Railroad Company.

*Caldwell & Tills,* for the Capitol City Products.

*Eugene L. Klocke,* for the Lincoln East Side National Bank.

*Walter C. Newcomb,* for the Buffalo Cold Storage.

*Falk, Phillips, Twelvetrees & Falk,* for interested purchaser.

VANDERMEULEN, S.   The New York Central Railroad Company brings this proceeding under section 206-a of the Surrogate's Court Act to recover the sum of $549.45, alleged to be in the possession of the executrix, being the proceeds of certain property of the New York Central Railroad Company, hereinafter described, delivered to the decedent and sold by him on its account.   It is conceded that the estate is insolvent.

Before the death of Mr. Horn, the New York Central Railroad Company delivered to him 9,400 pounds of Nu-Bake shortening, which was to be sold by him for the account of the New York Central Railroad Company at the rate of nine and one-half cents per pound, less a one per cent commission, which was to be retained by Mr. Horn.   Thereafter and prior to his death, Mr. Horn sold 2,900 pounds of this shortening, for which he paid the New York Central Railroad Company the sum of $272.75.   At that time it was agreed that the price from then on should be nine and one-quarter cents per pound, less the one per cent commission.

Subsequent to that time and prior to his death, Mr. Horn sold 6,000 pounds of shortening.   At the time of his death 500 pounds were still in his possession.   This was sold by the executrix, who voluntarily paid to the New York Central Railroad Company the sum of $45.79, which was the value thereof.

It is stipulated that the value of the 6,000 pounds of shortening is $549.45.   Another stipulation, entered into March 31, 1941, by the parties to this proceeding, specifies that from the proceeds of the sale of the 6,000 pounds Mr. Horn had been paid $210.62 prior to his death.   The balance of $338.83, therefore, at the time of his death, was in the form of accounts receivable.

The stipulation also sets forth that there was in the decedent's business checking account in the Lincoln East Side National Bank $279.44; in the Manufacturers and Traders Trust Company there was $726.70.   This latter account was a personal checking account and deposits made therein by decedent were used mostly for the retirement of a personal secured indebtedness to one Anna Knowlton, to whom decedent was indebted at the time of his death in the amount of $9,000.   There were three other accounts, respec-

tively, in the Ætna Savings and Loan Association, Irish American Savings and Loan Association and the Adam, Meldrum and Anderson State Bank (Christmas club). It is reasonable to presume that these last named were personal savings accounts and not connected with the operation of the business of the decedent. Despite the fact that the account in the Manufacturers and Traders Trust Company was for a specific purpose, nevertheless it is possible that moneys received from the proceeds of the sale of the shortening could have been deposited in this account. It is conceded that the balance on deposit in the Lincoln East Side National Bank was attached by the bank and applied on that institution's indebtedness.

As to the sum of $338.83, the New York Central Railroad Company is entitled to priority payment. At the time of I. V. Horn's death it was in a distinct form of accounts receivable and easily identifiable. It was held in *Matter of Petrosemolo* (152 Misc. 419) that as to merchandise pledged with the bank as security for a loan and redeemed by the administratrix and subsequently sold, the claimant was entitled to a priority payment out of estate funds. (See, also, *Baker* v. *N. Y. Nat. Exchange Bank*, 100 N. Y. 31; *Tompkins* v. *Morton Trust Co.*, 91 App. Div. 274.) The situation now before the court is quite analogous to that in the first-mentioned case. In both instances the money was collected after the death of the parties. In *Matter of Petrosemolo (supra)* the merchandise was in the possession of the administratrix after the death of the decedent and the money was realized by her through the sale of said merchandise. In the instant case the bills receivable were in the possession of the executrix and the money was realized from them after the death of the decedent. The moneys collected by the executrix on the accounts receivable were not funds of the estate and, having been deposited in the account of the executrix, the claimant has a right to a priority payment from the estate.

The item of $210.62 has not been traced or identified as funds belonging to the claimant in any of the banks in which deceased had funds. Checks against the account in the Lincoln East Side National Bank were outstanding at the time of his death and at that time the fund was attached and applied on an indebtedness. Consequently, there was at the time of the death of decedent no money in the account which can be identified as being the proceeds of the sale and belonging to the New York Central Railroad Company. Therefore, so far as the amount of $210.62 in concerned, the claimant is a general creditor.

Submit order directing payment of $338.83 by the executrix herein to the New York Central Railroad Company.