CHARLES M. COHNFELD, Appellant, *v.* LEON TANENBAUM,
    Respondent, Impleaded with Another.

GUARDIAN AND WARD — CHECK DRAWN BY GUARDIAN NOTICE TO
PAYEE THAT FUND BELONGS TO WARD — FUNDS MINGLED WITH THOSE
OF THE WARD BELONG PRESUMPTIVELY TO WARD — BURDEN OF PROOF.
Checks drawn upon a guardian's account in which moneys belonging to a
corporation of which he was the manager had also from time to time been
deposited, signed by him as guardian, and given in payment of a debt
due from the corporation, give presumptive notice to the payee that the
funds paid him were not those of the corporation or of the drawer per-
sonally, and he is put on inquiry to ascertain the latter's authority to
apply the money in payment of the debt; presumptively, all the moneys

in the account belong to the wards, and in the absence of affirmative proof that at any time any particular sum on deposit was the property of the corporation they are entitled to recover the proceeds of the checks.

*Cohnfeld* v. *Tanenbaum*, 58 App. Div. 310, reversed.

(Argued June 15, 1903; decided October 6, 1903.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 18, 1901, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*George W. Weiffenbach* for appellant. When a person receives from a trustee funds of the trust estate with knowledge that they are such trust funds and for a purpose foreign to the trust, he may, at the option of the *cestui que trust*, be regarded as a constructive trustee and compelled to account in equity for the funds so received, or be charged in an action at law with conversion. (*Marshall* v. *De Cordova*, 26 App. Div. 615; *English* v. *McIntyre*, 29 App. Div. 446; *Suarez* v. *Montigny*, 1 App. Div. 494; *Zimmerman* v. *Kinkle*, 108 N. Y. 282; *Gerard* v. *McCormick*, 130 N. Y. 261; *Wetmore* v. *Porter*, 92 N. Y. 76; *Fellows* v. *Longyer*, 91 N. Y. 324; *Anderson* v. *Daley*, 38 App. Div. 505; *F. Nat. Bank* v. *Nat. B. Bank*, 156 N. Y. 459.) The checks in suit having been drawn against and paid out of the guardianship account, it was not incumbent on the plaintiff to show specifically that all the money in the trust account was the children's. Every dollar which went into the account became impressed with the trust *eo instanti*. The burden, therefore, was on the defendant to prove affirmatively that he was entitled to the money which he received on the checks in suit. (*R. & C. T. R. Co.* v. *Paviour*, 164 N. Y. 281; *Marshall* v. *De Cordova*, 26 App. Div. 615; *Van Alen* v. *A. Nat. Bank*, 52 N. Y. 1; *Ferris* v. *Van Vechten*, 73 N. Y. 113; *Baker* v. *Bank*, 100 N. Y. 31; *I. & T. Nat. Bank* v. *Peters*, 123 N. Y.

272; *Falkland* v. *S. Nat. Bank,* 84 N. Y. 145; *Warren* v. *Union Bank,* 157 N. Y. 259; *Lathrop* v. *Brimpton,* 31 Cal. 117; *Shibla* v. *Ely,* 16 N. J. Eq. 181; *Anderson* v. *Daley,* 38 App. Div. 505; *English* v. *McIntyre,* 29 App. Div. 439.) The lower courts erred in holding that the moneys paid out to the defendant were the moneys of the company, under the rule of attributing certain drawings against certain deposits in order of time. (*Knatchbull* v. *Hallett,* L. R. [13 Ch. Div.] 696; *Nat. Bank* v. *Ins. Co.,* 104 U. S. 54; *F. S. & T. Co.* v. *Earle,* 110 U. S. 710.)

*Sol. M. Stroock* for respondent. Upon the question of notice there is nothing to charge this defendant with any liability in favor of the plaintiff or his assignors. (*Van Alen* v. *A. Nat. Bank,* 52 N. Y. 1; *Cavin* v. *Gleason,* 105 N. Y. 256; *Holmes* v. *Gilman,* 138 N. Y. 369; *Marshall* v. *De Cordova,* 26 App. Div. 615; *R. & C. T. R. Co.* v. *Paviour,* 164 N. Y. 281; *J. R. El. Co.* v. *M. Nat. Bank,* 55 App. Div. 1; *Dike* v. *Drexel,* 11 App. Div. 79; *Warren* v. *Union Bank,* 157 N. Y. 259.) Upon the proof submitted and the findings of the trial court the burden rests on the plaintiff to show that the identical moneys received by the defendant were trust moneys and belonged to the infants. (*Cavin* v. *Gleason,* 105 N. Y. 256; *Ferris* v. *Van Vechten,* 73 N. Y. 125; *Cole* v. *Cole,* 54 App. Div. 37; *Matter of Holmes,* 39 App. Div. 17.) Where a trustee, in violation of his trust, mingles the trust fund, not with his own money, but with another trust fund, and afterwards draws out the money by checks generally and in the ordinary manner, the first *cestui que trust* must identify the moneys so paid out as his own, and, failing to so identify them, he must resort to the moneys last deposited. (*I. & T. Nat. Bank* v. *Peters,* 123 N. Y. 272.) The trustee cannot, by mingling the funds of his *cestui que trust* with his own, destroy the fiduciary character of the deposit. However, this rule does not apply where the trustee mingles the trust funds with other trust funds or moneys belonging to innocent third parties. (*Van Alen* v. *A. Nat. Bank,* 52 N.

Y. 1; *Cavin* v. *Gleason,* 105 N. Y. 256; *Holmes* v. *Gilman,* 138 N. Y. 369; *Blair* v. *Hill,* 50 App. Div. 33; *Shute* v. *Hinman,* 47 L. R. A. 16; Coke on Litt. 286b; Story's Eq. Juris. § 1259; *Illinois Bank* v. *Bank of Buffalo,* 15 Fed. Rep. 558; *Hooly* v. *Gieve,* 9 Abb. [N. C.] 8; *Dike* v. *Drexel,* 11 App. Div. 77.)

CULLEN, J.    The action was brought by the plaintiff in his own right and as assignee of his brothers and sisters, children and wards of Isidore Cohnfeld, deceased, to recover from the defendant the amount paid to him by said guardian by three checks, aggregating the sum of $1,200.    The case was tried on an agreed statement of facts which is extremely meagre in its details.    By such statement it appears that said Isidore was appointed guardian of said children on January 2nd, 1885.    On January 1st, 1886, he had in his possession moneys of his wards amounting to $10,355.79, and in March, 1892, he opened an account in the New York Security & Trust Company in the name of Isidore Cohnfeld, guardian, and deposited therein the sum of $12,000.    At the same time he filed with the trust company a certificate of his appointment as guardian by the surrogate of New York county.    Various deposits were made to the credit of that account and checks drawn against it.    No information is given as to the sources from which the moneys deposited were obtained or the purposes to which the checks drawn on the account were appropriated, except that there were from time to time some moneys of the Cohnfeld Manufacturing and Trading Company, a corporation of which the guardian was manager, deposited in the account.    What those sums were or what checks were drawn against them is not stated.    From the bank account it appears that on the first day of January, 1893, all the moneys had been withdrawn except a balance of $61.    In August, September and December of that year the guardian drew three checks, the subject of this action, and delivered them to the defendant in payment of claims for rent he held against the Cohnfeld Company.    The guardian died in April, 1896, without having accounted

to the wards for their property. The defendant had no knowledge of the rights of the parties to the moneys paid to him except such as was given to him by the form of the checks, which were signed Isidore Cohnfeld, Guardian. On these facts the trial court rendered judgment for the defendant, which has been affirmed by the Appellate Division.

We think the courts below erred in their disposition of this case. From the extremely meagre character of the evidence it will be seen on final analysis that the determination of the case must be governed by presumptions. The signature to the check, "Isidore Cohnfeld, Guardian," gave the defendant notice that presumptively the funds being paid to him were not those either of the Cohnfeld Manufacturing Company or of Isidore Cohnfeld personally, and he was put on inquiry to ascertain the authority of Cohnfeld to apply the money in payment of the company's debt. (*Gerard* v. *McCormick*, 130 N. Y. 261.) This proposition is conceded by both the courts below. Had he made the inquiry he would have learned the facts which have already been stated. He is, therefore, chargeable with all that those facts import or which is fairly to be inferred from them. It is to be noted that the parties did not admit nor did the court find that at the time at which the checks in suit were drawn there was a dollar of the moneys of the Cohnfeld Company remaining in the account, nor are there any facts admitted or found from which such an inference can be drawn. The finding is that moneys of the company were deposited in the account and payments made from the account on its behalf, but not a word as to the amount of the deposits or the amount of the payments. It is very evident that the first question to be determined is, to whom, on this state of facts, did the moneys of the account *prima facie* belong, and this question is to be decided between the plaintiff and the defendant the same as it would be between the plaintiff and the company, were that company asserting its rights to the moneys on deposit. No evidence was given by the plaintiff to show that any of the moneys of the wards were deposited in the account subsequent

to its depletion in January, 1893, and for this reason the courts below were of opinion that the plaintiff had failed to identify the moneys paid to the defendant.    But it was not necessary for the plaintiff to give evidence on the subject.   The account was that of the wards or of their property.   There is neither finding nor proof that the guardian embezzled the money withdrawn by him prior to January, 1893.   The money may have been drawn out for investment or other legitimate purposes, and when moneys were subsequently received by the guardian from such investments it was his duty to again deposit them. But if we assume that the guardian had embezzled the money, the obligation existed to make restitution and his subsequent deposits from whatever sources received would be an appropriation of those moneys in satisfaction of his wards' claim against him.   From such time they became the infants' moneys as against every one except one who claiming the moneys could show they had been wrongfully diverted.   (*Baker* v. *New York National Exchange Bank*, 100 N. Y. 31.)   In the opinion of the learned Appellate Division it is said : "It is immaterial that in this case the account was opened and continued in Cohnfeld's name as guardian.   We have a mixed fund to deal with in which moneys of different parties were mingled by one occupying a fiduciary relation to both parties and the rights of these parties are to be settled upon equitable principles."   We entertain a different view.   We think the point on which this case turns is the name and character in which the account was opened and kept.   In the absence of proof to the contrary all the moneys in that account were presumptively the property of the wards. For another party to successfully reach any part of the fund it would be insufficient to show merely that moneys of the party had been improperly placed in the account; it would be necessary to go further and to prove the amount so deposited ; in other words, the burden of proof would rest on the claimant to establish just what portion of the fund belonged to him and the remainder, as to which he failed to affirmatively show title, would be awarded to the party in

whose name the account stood and to whom it presumptively belonged. As already said, there is no proof in the case that any particular sum on deposit was the property of the Cohnfeld Company.

These views dispose of the objection that the plaintiff failed to comply with the rule that to follow trust funds they must be identified. The funds in this case were identified by their deposit in the trust company to the credit of Cohnfeld, guardian. Nor do we see that the rule adopted in *Clayton's Case* (*Devaynes* v. *Noble*, 1 Merivale Ch. Rep. 572) has any application to this case. That rule, that the earliest draft should be charged against the earliest deposits, might apply if it appeared that the moneys on deposit were insufficient to satisfy the claims of both *cestuis que trustent*, the wards and the Cohnfeld Company ; but it has no bearing on the proposition that the burden rested on the Cohnfeld Company or on the defendant, who claims under it, to establish that it had any claim on the trust fund.

The judgment should be reversed and a new trial granted, costs to abide the event.

PARKER, Ch. J., BARTLETT, HAIGHT, MARTIN, VANN and WERNER, JJ., concur.

Judgment reversed, etc.