(89 App. Div. 128.)

## COHNFELD v. WALSER.

(Supreme Court, Special Term, New York County. December, 1903.)

**1. GUARDIAN AND WARD—FOLLOWING TRUST FUNDS—COMPLAINT.**

A complaint alleged that guardian of plaintiff and his assignors paid a personal debt of the guardian to the defendant or that of a corporation to him by checks given on moneys belonging to the ward's estate; that defendants knew that such checks, which were signed by the guardian as such, represented the money of the ward; that the guardian thereafter died without accounting to the ward, and that defendant had refused to so account. *Held*, that the complaint was not demurrable for failure to allege that a trust fund was impaired at the guardian's death, or that his estate had not accounted to the ward.

Action by Charles H. Cohnfeld against Cyrus Walser. Demurrer to the complaint overruled.

James Westervelt (Theo. Morris, Jr., of counsel), for demurrer.
George W. Weiffenbach, opposed.

GIEGERICH, J. The complaint, in outline, alleges in four separate causes of action that in 1894 one Isidor Cohnfeld, as guardian of the plaintiff and the plaintiff's assignors, all then infants, had on deposit funds belonging to the guardianship, against which he drew four checks of $1,000 each, signed "Isidor Cohnfeld, Guardian," and delivered them to the defendant, who had full knowledge and notice that they represented guardianship money; and it is further alleged

that the checks were delivered to the defendant without consideration flowing to the guardianship or to the wards, but, on the contrary, to pay a personal debt of said Isidor Cohnfeld, or a debt of a certain corporation, the Cohnfeld Manufacturing & Trading Company. It is also alleged that Cohnfeld died in April, 1896, without accounting to his wards for the amounts of these checks, and that the defendant has also failed to account, notwithstanding demand made. In support of the demurrer it is insisted that the complaint is defective for failing to allege that the trust fund was impaired at the time of the guardian's death, or that his estate or his personal representatives have not accounted since his death. In support of the complaint, on the other hand, principal reliance is placed upon the case of this plaintiff against Leon Tanenbaum, 176 N. Y. 126, 68 N. E. 141, tried on an agreed statement of facts, which the court pronounced extremely meager in its details, necessitating the determination of the question upon presumptions. On behalf of the defendant it is claimed that that decision has no bearing upon this demurrer, since the question now raised was not there raised or considered. I think, however, that, although not specifically referred to or discussed, the present question was necessarily involved and decided in that case. It does not appear from the statement of facts in the Tanenbaum Case that the trust fund was not intact at the date of the guardian's death, although it does appear that in January, 1893, three years before his death, all the moneys, amounting originally to $10,355.79, had been withdrawn, except a balance of $61, and also that the guardian died without ever having accounted to the wards for their property. It is thus seen that it does not expressly appear, either from the statement in that case or from the allegations in the present case, that the impairment of the trust fund shown to have existed at one time was not subsequently made good, either by its being replaced by the act of the guardian before his death, or by the act of the representatives of his estate subsequently. Since there is, with respect to the point urged, such an essential similarity between the facts contained in the statement in that case and those alleged in the complaint here, I do not think a different conclusion should be attempted by this court.

On behalf of the defendant it is claimed that it will be a hardship to throw upon him the burden of proving facts peculiarly within the knowledge of the plaintiff; apparently meaning thereby of proving that the plaintiff and his assignors were not in fact paid the full amount due them, notwithstanding the conceded breach of trust on the part of the guardian and full knowledge of such breach on the part of the defendant. I cannot see, however, that it is either unjust or illogical to impose precisely that burden. To begin with, the facts would not seem to be peculiarly within the knowledge of the plaintiff, but, on the contrary, perfectly open and accessible to any one, if, indeed, they exist at all. But, however this may be, when the defendant accepted and appropriated the moneys under the circumstances presented, he took the risk at least of having to make such proof. As a rule of pleading it is perfectly consistent to hold that, the plaintiff having alleged the existence of the fact in controversy at one

time, namely, the impairment of the trust fund, it is for the defendant to affirmatively plead and prove, as new matter, any subsequent restitution or payment. Demurrer overruled, with leave to the defendant to answer upon paying taxable costs within 20 days.

Demurrer overruled, with leave to defendant to answer upon paying taxable costs within 20 days.