Foster A. Gilliland and Others, as Water Commissioners of Monroe Avenue Water District in the Town of Brighton, Monroe County, New York, Respondents, *v.* Lincoln-Alliance Bank and Trust Company, Appellant, Impleaded with Frank W. Rowland and Another, Respondents, and Katherine S. Klink, as Administratrix, etc., of Harold L. Klink, Deceased, and Another, Defendants.*

Fourth Department, June 8, 1933.

* Modfg. and affg. 145 Misc. 827.   Affd., 264 N. Y. ——.

*Hubbell, Taylor, Goodwin, Nixon & Hargrave* [*T. Carl Nixon* of counsel], for the appellant.

*Harris, Beach, Folger, Bacon & Keating* [*Kenneth B. Keating* of counsel], for the plaintiffs, respondents.

*Wile, Oviatt & Gilman* [*J. Emmett O'Brien* of counsel], for the respondent Abner M. Buckland.

*Walter A. Swan,* for the respondent Frank W. Rowland.

THOMPSON, J. Plaintiffs, respondents, commissioners of a water district, have recovered a judgment against defendant, appellant, bank for participating in a diversion of water district funds, deposited in the personal account of the treasurer of the district in defendant bank, and wrongfully withdrawn and misappropriated by said treasurer, after notice to the bank.

The treasurer of the water district kept two bank accounts in which he deposited the funds of the district; one in the Union Trust Company of Rochester, and the other in the Merchants Bank of Rochester. Both accounts appeared on the books of the banks in the name of " Monroe Ave. Water District, H. L. Klink, Treas." The treasurer had a personal account with defendant Lincoln-Alliance Bank and Trust Company, in which on February 18, 1926, there was deposited to his credit the sum of $58.52, solely composed of moneys belonging to him personally. The day following, Klink, the treasurer, drew a check on the water district account in the Merchants Bank of Rochester for $250 and deposited it in the account of Klink, the individual, in defendant Lincoln-Alliance Bank and Trust Company. Between the date of this deposit and March 1, 1926, Klink drew seven checks against his account in defendant bank, which reduced the account to $109.46. The bank had no notice that any of these checks were drawn for his personal use. On March 1, 1926, Klink gave his check to defendant bank upon his personal account for $50.26 in payment of a note which he owed the bank. The trial court has held that the delivery of this check to defendant constituted notice to it that Klink was converting the funds of the water district to his own use. This we think was error.

If the seven checks were drawn for water district purposes, as defendant bank had a right to presume, in the absence of adequate notice to the contrary (*Bischoff* v. *Yorkville Bank,* 218 N. Y. 113), the $109.46 balance, which the account showed at the time the

check for $50.26 was given, might properly have been presumed by the bank to be composed of the sum of $50.94, water district funds, and $58.52, personal funds of Klink. With the account in this condition, there was sufficient of Klink's own funds in it to meet the $50.26 check, which he gave the defendant bank in payment of his note. It is not claimed that defendant bank had notice that Klink was unlawfully depleting the funds of the water district, which he had deposited in this account, until he drew this check. The trial court has found that the $109.46, balance in the account when this check was drawn, consisted solely of funds belonging to the water district. As above pointed out, the bank having the right to presume that the checks were lawfully drawn, this finding is not supported by the facts.

It appears, however, that on June 1, 1926, a withdrawal was made by Klink from this account, which constituted actual notice to the bank that he intended and effected an actual misappropriation of the water district funds previously deposited by him in the account to the knowledge of the bank. On May 25, 1926, his account with defendant bank being overdrawn in the sum of $4.37, Klink deposited sufficient of his individual funds to create a balance to his credit on that day of $20.18. On May 27, 1926, he deposited $500 of water district funds and $20 of his personal funds in the account. No other deposits having been made, on June 1, 1926, he gave defendant bank a check on the account for $51.50 to pay the bank an individual indebtedness he owed to it. At the time of this payment there was deposited in the account only $40.18 of Klink's own funds; so in paying the check from this account to itself, the bank had notice of the fact that a part of it came from water district funds and was an actual conversion thereof. (*Ward* v. *City Trust Co.*, 192 N. Y. 61, 69.)

From this time on Klink's personal account in defendant bank shows repeated deposits of checks drawn on the accounts of the water district in the Union Trust Company and Merchants Bank, and withdrawals by him from such account for other than water district purposes, which constituted a wrongful misapplication of the funds of the water district, and of which defendant bank had adequate notice.

With the beginning of the deposit by Klink of checks drawn by him as treasurer on the water district accounts in the Union Trust Company and Merchants Bank in his individual account in defendant bank, knowledge came to the bank that the funds which it so received and credited were trust funds. When the bank received a check of Klink's in payment of an indebtedness of his to it, and his account did not contain sufficient personal funds to meet the

check, the bank derived direct knowledge that a part of the payment was made from moneys of the water district, and that the treasurer had converted it to his own use. The bank thus became a party to the misappropriation of the trust funds and an active participant in their diversion. Having acquired knowledge, *first*, that the account was composed of trust funds, and *second*, that the depositor had wrongfully converted a part of such funds to his own use, defendant bank no longer had the right to assume that the depositor would use moneys that he withdrew, lawfully. The facts indicated that the payment was made in pursuance of a method formed by Klink for systematic peculations of the funds of the water district. Possessing such knowledge, the bank was required to make reasonable inquiry and endeavor to prevent a diversion; to take the reasonable steps or action essential to keep it from paying to or for Klink as his own the moneys which were not his, and, failing to do these things, it became bound by the information, which it could have obtained " if an inquiry on its part had been pushed until the truth had been ascertained " (*Bischoff* v. *Yorkville Bank, supra*), and a privy to the misapplication not only of the moneys which Klink paid on his indebtedness to it, but of the other moneys which he thereafter diverted, and is liable therefor. · (*Whiting* v. *Hudson Trust Co.*, 234 N. Y. 394, at p. 403.)

It is contended by appellant that the proofs do not sustain the finding of the trial court that the items of cash which were withdrawn by Klink from his personal account with it were not applied by him, after being so withdrawn, to the payment of water district purposes. We hold the view that the testimony adduced by plaintiffs is sufficient to make a *prima facie* case in their favor on this subject. Klink's withdrawals from his personal account in defendant bank are itemized in a bill of particulars which was stipulated into evidence. The stipulation also provided that all of the checks drawn on the account to the order of named payees were for his personal purposes. The checks drawn to cash were almost invariably for even amounts of money, and there is no testimony in the case, save as to certain items which have been credited to defendant, that the avails of any of these checks were applied to water district purposes. On the contrary, there is the testimony of the books, minutes of meetings, recipted bills, canceled water district checks, annual reports, commissioners' reports, the cash books of the district, the bank records of the two water district accounts and Klink's personal account in defendant bank, from which it appears not only that no disbursement of or for the water district was made by cash during this time but that all were made by checks drawn on the two water district bank accounts, above mentioned.

The account in the Union Trust Company consisted of the deposit of the sum of $24,951.40, and certain small credits of interest. Withdrawals from this account, which were for water district purposes, were confined exclusively to the Meadow Brook construction project. All the moneys so disbursed were authorized by the district, and appeared in the water district treasurer's accounts, and there were no items paid which did not so appear. All the disbursements of the Meadow Brook Extension, each of which was paid by a check on this account, were checked with the records of the engineer in charge, and of the persons to whom the payments were made, and each item so disbursed appears in the accounts of the district. This work involved by far the largest financial outgo of the district for the period covered by the alleged defalcations.

The water district account in the Merchants Bank was used for the deposit of moneys received from taxation, water rents, materials sold and penalties, and for the disbursement of the expenses of the water district, consisting of the collection of water rates, making of small repairs and small extensions, maintenance, repairs, inspection, general up-keep of the plant, overhead and for water purchased from the water company, the last item being the chief disbursement of the district from this account. The records of the water company and other persons to whom these accounts were owing and paid were checked with the records and accounts of the district, and appropriate entries of authorization and payment by checks on the water district account were found, with three exceptions which were credited to the defendant. In the same manner and based upon like records the total amount of the district's cash receipts during this period, and its unpaid indebtedness at the end of it, were also accurately ascertained.

By this testimony it is shown that there were no moneys expended or disbursed by or for the district during this period which were not authorized by it, and which did not appear among the disbursements in its accounts. The evidence thus established, and, based thereon, witnesses, including a certified public accountant who made an audit of the affairs of the district for this period, testified without objection that there was an actual shortage in the moneys of the district at the end of the period of $21,101.71. Through the medium of this proof, we think it sufficiently appears that none of the moneys, with the exceptions noted, which were withdrawn by Klink from his personal account in defendant bank, by checks drawn to cash or otherwise, were applied to water district purposes, but that they were converted to his own use.

There is evidence in the case which establishes that Klink

deposited $21,290.17 of the funds of the water district in his personal account with defendant bank, with knowledge on its part that the funds were moneys of the water district; that on June 1, 1926, defendant bank had actual and adequate notice that Klink was diverting such trust funds so deposited to his own use; that Klink's personal account with defendant bank on June 1, 1926, showed a balance of $119.63, all of which was water district funds; and that thereafter he withdrew from water district accounts and deposited in his personal account in defendant bank the further sum of $20,235.17, the whole of which he withdrew and converted to his own use, except the sum of $3,390 which was in restoration of water district funds theretofore converted and was redeposited by him in the Merchants Bank, so that the net loss to the district from such diversion of its funds from the date defendant bank had notice thereof amounted to $16,964.80, for which sum, with interest to be adjusted, plaintiffs are entitled to judgment against defendant bank.

We have examined other questions raised on the appeal, but find none that requires discussion here.

The judgment should be modified in the respects in which we have stated, and as modified affirmed, without costs.

All concur, except CROSBY, J., who dissents in an opinion and votes for a further modification on the law by reducing the recovery to $6,867.21 and interest.

CROSBY, J. (dissenting). I dissent. It seems to me that the judgment herein proceeds upon the theory that when plaintiffs have proven two things, viz.: (1) That water district funds were placed in Klink's personal account in defendant's bank and (2) that *some* of such funds were used by Klink for his personal benefit under circumstances constituting notice to said bank, then defendant is held liable for *all* water district money traced into Klink's personal account, without proof that it was all diverted from its proper use.

I do not understand that the authorities warrant any such theory. (*Bischoff* v. *Yorkville Bank*, 218 N. Y. 106; *Havana Central R. R. Co.* v. *Knickerbocker Trust Co.*, 198 id. 422.)

The burden is upon plaintiffs to show a misappropriation of the trust funds. It is not to be presumed that Klink did not use them properly. (*Clarke* v. *Public National Bank & Trust Co.*, 259 N. Y. 285.)

The only proof of misappropriation of water district money by Klink is found in a stipulation that during the period of Klink's defalcation he withdrew $18,244.66 from his personal account in

the defendant bank for personal purposes, and it also appears that he paid, out of said account, to the defendant bank $2,878.72 of personal notes. This makes a total of $21,123.38 used by Klink out of his personal account for his personal uses and purposes. Plaintiffs' witness, the expert accountant, Thomy, identified, from a transcript of Klink's account with defendant bank, certain credits derived from water district funds. But after all such credit items were so identified, there were left an aggregate of $14,256.17 of credits to Klink's personal account not claimed by plaintiffs to have been derived from water district funds. This $14,256.17 must be deemed money belonging to Klink personally.

If $21,123.38 of money from Klink's account was paid out for his personal benefit, and $14,256.17 of it was his own money, the plaintiffs have established a misappropriation of the difference only, or $6,867.21. I vote to modify the judgment by a reduction to the sum of $6,867.21 and interest.

Judgment in favor of the plaintiffs modified on the law by reducing the recovery to the sum of $16,964.60 and interest as of the date of entry of the judgment, and as so modified affirmed, without costs of this appeal to either party. Certain findings of fact and conclusions of law disapproved and reversed and new findings and conclusions made.

Judgments in favor of the defendants Rowland and Buckland unanimously affirmed, with separate bills of costs.