In the Matter of the Application of JOSEPH AMBRUSKO, JR., as Executor, etc., of FELIX JASTRZEWSKI, Also Known as FELIX JASTRZEMSKI, Deceased, to Discover Certain Property of Said Deceased Claimed to Be Withheld.

JOSEPH AMBRUSKO, JR., as Executor, etc., of FELIX JASTRZEWSKI, Also Known as FELIX JASTRZEMSKI, Deceased, Petitioner, Respondent; THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appearing Specially, Appellant, and Others, Third Parties.

Fourth Department, November 5, 1937.

*Ansley Wilcox, 2nd,* for the appellant.

*Heffren J. Cohen,* for the respondent.

PER CURIAM. Petitioner, as executor of the estate of decedent, instituted a discovery proceeding pursuant to sections 205 and

206 of the Surrogate's Court Act to compel the appellant insurance company to pay over the proceeds of two industrial insurance policies issued by it on the life of petitioner's testate, which policies contained no designated beneficiary but contained the usual facility of payment clause. At the time of decedent's death, the policies were in the possession of third persons who claimed an interest therein. The insurer and the third persons were made parties to the discovery proceeding. The insurer appeared specially by its attorneys and objected to the jurisdiction of the Surrogate's Court. The surrogate overruled this objection and made a decree determining that the executor was entitled to the proceeds of the policies and directing that the insurer pay the proceeds to the executor. An executor may not enforce the collection of a simple debt or enforce ordinary contract obligations by means of a discovery proceeding pursuant to sections 205 and 206 of the Surrogate's Court Act. (*Matter of Hammer*, 237 App. Div. 497; affd., 261 N. Y. 677; *Matter of Thomas*, 235 App. Div. 450; *Matter of Arduini*, 243 id. 10.)

All concur. Present — SEARS. P. J., EDGCOMB, CROSBY, CUNNINGHAM and TAYLOR, JJ.

Decree so far as appealed from reversed on the law, with costs payable out of the estate, and petition dismissed as to the appellant without prejudice, with costs payable out of the estate.