In the Matter of the Estate of NATHAN COHEN, Deceased.

Surrogate's Court, Erie County, December 14, 1966.

*Callahan, Stiemke & McKenna* (*James B. McKenna* of counsel), for petitioner. *Harold B. Ehrlich* and *Stuart Goldstein* for respondents.

WILLIAM J. REGAN, S. This is an application for a discovery proceeding which apparently involves several corporations and a partnership in which decedent and members of his family were stockholders and partners. It is alleged that there may have been intermingling of the affairs of such businesses and the petitioner herein seeks to examine the respondents regarding such businesses.

The respondents, by affidavits, state that all the corporate records are available, have been available and have in fact been examined by petitioner's representatives and that an inquiry in this court would furnish nothing in addition to inspections and explanations already offered.

The court finds it difficult to see how a discovery proceeding is the proper remedy here. Partnership accountings cannot be directed by the Surrogate. (*Matter of Lichtblau,* 146 Misc. 278.)

It would appear that minority stockholders' remedies with regard to corporation abuses would lie in Supreme Court.

Contractual obligations may not be enforced by means of discovery proceedings. (*Matter of Jastrzewski,* 252 App. Div. 384; *Matter of Thomas,* 235 App. Div. 450.)

Because of the multiplicity of relief sought by the petitioner herein and for the fact that other legal remedies are available and that, as a practical matter it would seem that petitioner should avail himself of offers by respondents as to inspection of books, records, etc., the court will hold that this proceeding should be dismissed.