In the Matter of the Estate of FRANK A. DORN, Deceased.

Surrogate's Court, Erie County, December 14, 1966.

*Stuart Goldstein* for Ralph Saft, as executor, petitioner. *Kavinoky, Cook, Hepp, Sandler & Gardner* (*Arnold B. Gardner* of counsel), for respondent.

WILLIAM J. REGAN, S. This is a discovery proceeding wherein petitioner seeks to examine the respondent, Norman G. Biehler, concerning certain knowledge or information that he may have with reference to books, records and leases which may relate to commissions due the decedent, a former real estate broker. Respondent has moved to dismiss this application for lack of jurisdiction. Warren's Heaton, Surrogates' Courts (vol. 3, § 236, par. 8, subd. [d]) states: "It is obvious that it is only in those cases of which the surrogate has jurisdiction that it can make a decree directing either delivery or the payment of proceeds or value. If it appears that the proceeding is not well founded the petition must be dismissed."

There appears no doubt here that the petitioner seeks to gain information to enable him to pursue a cause of action in another forum.

Warren's Heaton, Surrogates' Courts (vol. 3, § 235, par. 1, subd. [b]) states: '' It has been repeatedly held and is still the law that a discovery proceeding is designed for the purpose of discovering specific property or specific money in coin and bank bills belonging to the deceased and withheld, on which discovery they may be ordered delivered summarily. But the provisions of the statute do not contemplate the collection of a debt by summary process. *Matter of White,* 119 App. Div. 140, 103 N. Y. S. 868; *Matter of Jastrzewski,* 252 App. Div. 384, 300 N. Y. S. 145; *Matter of Hopkins,* 161 Misc. 680, 293 N. Y. S. 786. Thus on the authority of these cases contractual obligations cannot be enforced by means of a discovery proceeding. *Matter of Stiassni,* 195 Misc. 668, 90 N. Y. S. 2d 434.''

The petitioner is not empowered to employ the discovery procedure for the purpose of obtaining evidence to be used in another proceeding. It appears that there are other remedies of disclosure of which the petitioner may avail himself in the forum wherein his main action will be pursued. Petitioner's application for discovery is dismissed.